Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

## Exhibit C

Lease Modification Agreements

(attached)

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 18th day of May, 2016 (the "**Execution Date**"), by and between **CAJR, LLC** (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**),** with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of October 29, 2009 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Minimum Monthly Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.     **Reporting**.  Each year, Tenant shall provide Landlord a report of Tenant's annual sales for the preceding year.

Page 1 of 4 – LEASE AMENDMENT

1102050
8825 S. Jewel Street
Tempe, AZ  85284

4.    **Estoppel**. Tenant agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed and that Tenant has no existing defenses, deductions or offsets to the performance of its obligations under the Lease. Landlord asserts that there are outstanding arrearages and delinquencies under the Lease in the amount of $34,603.50 (the "**Cure Amount**") and acknowledges that, except for the Cure Amount, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under the Lease . Upon the assignment and assumption of the Lease, Landlord shall receive the Cure Amounts or such other sums ordered by the Court to cure the delinquencies and defaults under the Lease. Landlord acknowledges that Tenant intends to assign the Lease to Starcorp CJ, LLC, or one of its affiliates, and Landlord consents to such assignment, subject to the terms and conditions of this Amendment.

5.    **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

6.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

7.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

8.    **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

9.    **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

10.   **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court approving the assumption and assignment of the Lease, as modified by this Amendment.

11.   **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

1102050
8825 S. Jewel Street
Tempe, AZ 85284

12.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.


IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.


**LANDLORD:**

CAJR, LLC

By: _____

Name: _____

Title: MANAGING MEMBER

05/18/2016

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee


Page 3 of 4 – LEASE AMENDMENT

1102050
8825 S. Jewel Street
Tempe, AZ  85284

## SCHEDULE 1

### MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date – 12/1/19 | $10,416.67 |
| 1/1/20 – 12/1/24 | $10,937.50 |
| 1/1/25 – 12/1/29 | $11,484.38 |

Page 4 of 4 – LEASE AMENDMENT

# AMENDMENT TO AND ASSUMPTION AND ASSIGNMENT OF SUBLEASE

This AMENDMENT TO AND ASSUMPTION AND ASSIGNMENT OF SUBLEASE (the "**Amendment**") is made and entered into effective as of this 17th day of May, 2016 (the "**Execution Date**"), by and between **Carlees Holdings, LLC**, an Arizona limited liability company (the "**Landlord**"), **Frontier Star CJ, LLC**, a Delaware limited liability company ("**Frontier Star"),** and **Starcorp CJ, LLC**, a Delaware limited liability company ("**Successor Tenant**") with reference to the following Recitals:

## RECITALS:

A.      Sundance Towne Center, LLC, ("Sundance") as successor in interest to Vestar/Buckeye Sundance, LLC ("VBS") and MJKL Enterprises, LLC ("MJKL") previously entered into that certain Sundance Towne Center Ground lease executed as of June 21, 2005 (the "**Ground Lease**"), as amended by the First Amendment to Sundance Towne Center Ground Lease dated October 1, 2007 (collectively, the "Ground Lease") for the lease by Sundance to MJKL of the premises described therein as Pad "12" and located at Sundance Towne Center Shopping Center at the northwest corner of Watson Road and Yuma Road, Buckeye, Maricopa County, Arizona, with an address commonly referred to as 416 S. Watson Rd., Buckeye, AZ 85326 (the "**Premises**").

B.      On or about August 19, 2009, MJKL assigned all of its rights, interest and obligations in the Ground Lease to Landlord pursuant to that Assignment and Assumption of Ground Lease dated August 19, 2009.  At the same time, MJKL and Landlord executed a Restaurant Sublease dated August 19, 2009 (the "**Sublease**"), by which  Landlord leased the Premises to MJKL, which Sublease incorporates by reference the terms and conditions of the Ground Lease.

C.      The Ground Lease has been amended from time to time including the Second Amendment dated March 9, 2010.

D.      On or about May 2011 Landlord and MJKL, among other parties, entered into a termination, amendment and settlement agreement ("Settlement Agreement") which, among other things, amended the Sublease.

E.      MJKL asserts that on January 1, 2013, it assigned all of its rights, interest and obligations in the Sublease to Frontier Star CJ, LLC, a Delaware limited liability company, pursuant to that certain Assignment and Assumption of Lease Interest dated January 1, 2013.

F.      On or about May 6, 2015 Sundance rights, interest and obligations as ground lessor in the Ground Lease were assigned to Watson Property, LLC, an Arizona limited liability company ("Watson").

G.      Frontier Star CJ, LLC is one of four chapter 11 debtors (the "**Debtors**") in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

H.      The assets of the Debtors have been sold to Assignee pursuant to the terms of a Purchase and Sale Agreement dated as of February 29, 2016, as amended, and approved by the Court pursuant to the Court's order entered on March 31, 2016 at Docket No. 888 (the "**Sale Order**").

I.      The Court has entered its order extending the period for Frontier Star to assume and assign the Lease to May 21, 2016.

J.      Frontier Star wishes to assume the Sublease and to assign the Sublease to Successor Tenant, as amended by this Amendment.

K.      The Trustee has the authority to bind Frontier Star to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

L.      Landlord and Frontier Star now desire to amend the Sublease and Successor Tenant wishes to assume the Lease, upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Limited Consent to Assignment**. Notwithstanding any assertion by Landlord that it did not consent to the assignment of the Sublease from MJKL to Frontier Star at the time it allegedly occurred, Landlord consents to and ratifies the assignment to Frontier Star, and Landlord will not enforce any anti-assignment provision of the Sublease against Frontier Star or Successor Tenant. Notwithstanding the foregoing, Landlord has not released MJKL or the Guarantors (as defined in the Ground Lease, Sublease, Settlement Agreement, and related documents) from liability, and Landlord reserves all rights, remedies and claims against MJKL and the Guarantors.

3.      **Assumption and Assignment of Lease**. Frontier Star hereby assumes the Sublease and assigns the Sublease to Successor Tenant as modified and amended hereby and Successor Tenant agrees to accept assignment of the Sublease as modified and amended hereby effective as of the Execution Date. The foregoing assumption and assignment are subject to the approval of the Court in the Bankruptcy Case.

4.      Intentionally deleted.

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

H. The assets of the Debtors have been sold to Assignee pursuant to the terms of a Purchase and Sale Agreement dated as of February 29, 2016, as amended, and approved by the Court pursuant to the Court's order entered on March 31, 2016 at Docket No. 888 (the "**Sale Order**").

I. The Court has entered its order extending the period for Frontier Star to assume and assign the Lease to May 21, 2016.

J. Frontier Star wishes to assume the Sublease and to assign the Sublease to Successor Tenant, as amended by this Amendment.

K. The Trustee has the authority to bind Frontier Star to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

L. Landlord and Frontier Star now desire to amend the Sublease and Successor Tenant wishes to assume the Lease, upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Limited Consent to Assignment**. Notwithstanding any assertion by Landlord that it did not consent to the assignment of the Sublease from MJKL to Frontier Star at the time it allegedly occurred, Landlord consents to and ratifies the assignment to Frontier Star, and Landlord will not enforce any anti-assignment provision of the Sublease against Frontier Star or Successor Tenant. Notwithstanding the foregoing, Landlord has not released MJKL or the Guarantors (as defined in the Ground Lease, Sublease, Settlement Agreement, and related documents) from liability, and Landlord reserves all rights, remedies and claims against MJKL and the Guarantors.

3. **Assumption and Assignment of Lease**. Frontier Star hereby assumes the Sublease and assigns the Sublease to Successor Tenant as modified and amended hereby and Successor Tenant agrees to accept assignment of the Sublease as modified and amended hereby effective as of the Execution Date. The foregoing assumption and assignment are subject to the approval of the Court in the Bankruptcy Case.

4. **Intentionally deleted**.

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

5. **Successor Tenant's Right to Terminate**. Immediately upon entry of an order by the Court approving the assumption and assignment of the Lease as modified by this Amendment, and subject to Landlord's receipt of payment from the Trustee as described in Paragraph 4, Successor Tenant shall have the right to terminate the Lease, at no cost, upon written notice to Landlord.

6. **No Further Amendments, Ratification**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified and each party to this Amendment expressly ratifies and reaffirms the terms and conditions of the Lease as modified and amended herein. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control. Successor Tenant shall execute all necessary documents reasonably requested by Landlord to evidence the assignment, reaffirmation and ratification of the modified and amended Lease.

7. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

8. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

9. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

10. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

11. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption and assignment of the Sublease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Sublease as modified by this Amendment.

12. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Sublease.

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

13.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CARLEES HOLDINGS, LLC

By: _____

Name: GARY Arnold

Title: MANAGING MEMBER

**SUCCESSOR TENANT:**

STARCORP CJ, LLC

By: _____

Name: _____

Title: _____

**SUCCESSOR GROUND LANDLORD:**

Watson Property, L.L.C.

By: _____

Name: _____

Title: _____

**FRONTIER STAR:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 5 of 5 – SUBLEASE AMENDMENT

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CARLEES HOLDINGS, LLC

By: _~~~~~~~~_

Name: _GARY Arnold_

Title: _MANAGING MEMBER_

**FRONTIER STAR:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

**SUCCESSOR TENANT:**

STARCORP CJ, LLC

By: _~~~~~~~~_

Name: _MATT LANGFIELD_

Title: _COO_

**SUCCESSOR GROUND LANDLORD:**

Watson Property, L.L.C.

By: _____

Name: _____

Title: _____

Page 5 of 5 – SUBLEASE AMENDMENT

1101756
416 S. Watson Rd.
Buckeye, AZ 85326

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Catherine T. Faraone, Trustee of the Catherine T. Faraone Separate Property Trust, dated November 29, 2012**, as amended and/or restated, **Anthony Perricone, Trustee of the Anthony Perricone Separate Property Trust, dated April 17, 2013**, as amended and/or restated, and **Linda Renfroe, trustee of the Linda Renfroe Family Trust, dated October 13, 1998**, as amended and/or restated (collectively, the "**Landlord**"), and **Frontier Star, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of December 30, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Landlord and Tenant, or their respective predecessors-in-interest, also previously entered into that certain First Amendment to Lease Agreement dated May 31, 2014 (the "**First Amendment**"). The Lease and First Amendment shall be collectively referred to hereinafter as the "**Lease Agreement**")

C.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

D.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

E.     Landlord and Tenant now desire to amend the Lease Agreement upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay Minimum Monthly Rent for the Premises as set

Page 1 of 5 – LEASE AMENDMENT

1506033
16020 Illinois 59
Plainfield, IL 60586

forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.    **No Further Amendments**. Except as specifically modified or amended herein, all of the remaining terms and conditions of the Lease Agreement shall remain in full force and effect, unchanged and unmodified.

4.    **Estoppel**. Tenant agrees that all conditions and agreements under the Lease Agreement to be performed by Landlord have been satisfied or performed and that Tenant has no existing defenses, deductions or offsets to the performance of its obligations under the Lease Agreement. Landlord asserts that there are outstanding arrearages and delinquencies under the Lease Agreement (the "Cure Amount") and acknowledges that, except for the Cure Amount, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under the Lease Agreement. Upon the assignment and assumptions of the Lease Agreement, Landlords shall receive the Cure Amount or such other sums as are agreed upon by the Trustee and Landlord, or are ordered by the Court to cure the delinquencies and defaults under the Lease Agreement. Payment of the Cure Amount is a condition of the assumption and assignment of the Lease Agreement.

5.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7.    **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8.    **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease Agreement as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court

Page 2 of 5 – LEASE AMENDMENT

1506033
16020 Illinois 59
Plainfield, IL 60586

approving the assumption and assignment of the Lease Agreement as modified by this Amendment. Landlord acknowledges that Tenant intends to assign the Lease Agreement to Starcorp, LLC, or one of its affiliates, and Landlord consents to such assignment.

10. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease Agreement

11. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

Page 3 of 5 – LEASE AMENDMENT

1506033
16020 Illinois 59
Plainfield, IL 60586

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

_Catherine T. Faraone_
CATHERINE T. FARAONE, Trustee of the
Catherine T. Faraone Separate Property Trust
dated November 29, 2012, as amended and/or
restated



_____
ANTHONY PERRICONE, Trustee of the
Anthony Perricone Separate Property Trust
dated April 17, 2013, as amended and/or
restated

_Linda Renfroe_
LINDA RENFROE, Trustee of the Linda
Renfroe Family Trust, dated October 13,
1998, as amended and/or restated

**TENANT:**

FRONTIER STAR, LLC

_P. Gregg Curry_
By: _____
Name: P. Gregg Curry
Title: Trustee

Page 4 of 5 – LEASE AMENDMENT

1506033
16020 Illinois 59
Plainfield, IL 60586

IN WITNESS WHEREOF, this instrument is executed by the parties to be effective as of the day and year first written above.

LANDLORD:

TENANT:

FRONTIER STAR, LLC

CATHERINE T. FALASONE, Trustee of the
Catherine T. Falason Separate Property Trust
dated November 30, 2013, as amended and/or
restated

By: _____
Name: P. Sung Curry
Title: Trustee

ANTHONY FERRUCCINO, Trustee of the
Anthony Ferrucino Separate Property Trust
dated April 15, 2013, as amended and/or
restated

LINDA STEPHENS, Trustee of the Linda
Stephens Family Trust, dated October 22,
1998, as amended and/or restated

Page 8 of 1 - LEASE AMENDMENT

## SCHEDULE 1

### MINIMUM MONTHLY RENT

| TERM | MINIMUM MONTHLY RENT |
|---|---|
| Order Date - 12/29/18 | $9,916.67 |
| 12/30/18 - 12/30/23 | $10,412.50 |
| 12/30/23 - 12/30/28 | $10,933.13 |
| 12/30/28 - 12/30/33 | $11,479.79 |

Page 5 of 5 – LEASE AMENDMENT

1506033
16020 Illinois 59
Plainfield, IL 60586

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **CFT C Properties, LLC** a Florida limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A. Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of April 2005 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B. Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C. The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D. Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1101090
5105 W. Thunderbird
Glendale, AZ 85306

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101090
5105 W. Thunderbird
Glendale, AZ 85306

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CFT C PROPERTIES, LLC

By: _H. Barry Swickle_

Name: _H. Barry Swickle_

Title: _Manager_

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1101090
5105 W. Thunderbird
Glendale, AZ 85306

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 7/1/05 – 6/30/10 | $4,250.00 |
| 7/1/10 – 6/30/15 | $4,675.00 |
| 7/1/15 – 6/30/16 | $5,142.50 |
| | |
| 7/1/16 – 6/30/20 | $4,675.00 |
| 7/1/20 – 6/30/25 | $5,142.00 |
| | |
| Option #1 | |
| 7/1/2025 – 6/30/30 | $6,222.43 |
| Option #2 | |
| 7/1/30 – 6/30/35 | $6,844.67 |

Page 4 of 4 – LEASE AMENDMENT

1101090
5105 W. Thunderbird
Glendale, AZ 85306