Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Exhibit C**

Lease Modification Agreements

(attached)

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Charleen Case, Trustee of the CSC Trust, as amended and/or restated** (the "**Landlord**"), **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Tenant**"), and Starcorp CJ, LLC ("**Successor Tenant**") with reference to the following Recitals:

## RECITALS:

A.       Landlord and MJKL Enterprises Texas, LLC ("**MJKL**") entered into that certain Lease Agreement dated as of March 27, 2008 (the "Ground Lease"), for the lease by Landlord to MJKL of the real property commonly known as 7249 Bandera Road, Leon Valley, Texas 78238, and more particularly described therein (the "**Premises**")

B.       MJKL assigned all of its right, title and interest in the Ground Lease to Carlees Holdings, LLC ("**Carlees**"), pursuant to that certain Assignment and Assumption of Ground Lease (Tenant's Interest) dated as of June 22, 2009 (the "**Ground Lease Assignment**").

C.       At the time the Ground Lease Assignment was executed, MJKL entered into that certain Restaurant Sublease dated as of June 22, 2009 (as amended, modified, and supplemented, the "**Sublease**"), for the sublease of the Premises by Carlees to MJKL.

D.       MJKL previously assigned all of its right, title and interest in and to the Sublease to Tenant.

E.       Carlees subsequently assigned all of its right, title and interest under the Ground Lease and the Sublease to Landlord. As a result, the Ground Lease has been extinguished.

F.       Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

G.       The assets of the Debtors have been sold to Successor Tenant pursuant to the terms of a Purchase and Sale Agreement dated as of February 29, 2016, as amended, and approved by the Court pursuant to the Court's order entered on March 31, 2016 at Docket No. 888 (the "**Sale Order**").

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

H. The Court has entered its order extending the period for Tenant to assume and assign the Sublease to May 21, 2016.

I. Tenant wishes to assume the Sublease and to assign it to Successor Tenant.

J. The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

K. Landlord and Tenant now desire to amend the Sublease and Successor Tenant wishes to assume the Sublease, upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Rent**.

a. **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay to Landlord the minimum monthly rent ("**Minimum Monthly Rent**") for the Premises in amounts set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

b. **Percentage Rent**. In addition to Minimum Monthly Rent, Tenant shall pay to Landlord annually, within sixty (60) days after the close of calendar year, the amount, if any, by which eight percent (8%) of Tenant's Gross Sales (as defined below) during such calendar year exceeds the Minimum Monthly Rent actually paid by Tenant for such calendar year ("**Percentage Rent**"). For the calendar year in which the Order Date occurs, Tenant's potential obligation to pay Percentage Rent shall be determined only for the remainder of the calendar year after the Order Date.

c. **Financial Reports**. With the payment of Percentage Rent, Tenant shall deliver to Landlord a report of Gross Sales (as defined below) for the Premises for such calendar year. The financial report delivered to Landlord need not be audited. If Tenant

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

elects to prepare audited financial statements, Tenant shall deliver such audited financial statements to Landlord upon Landlord's request.

d. **Definition of Gross Sales**. The term "**Gross Sales**" shall include all money paid to Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise.

e. **Replacement Provisions**. The Minimum Monthly Rent and Percentage Rent obligations set forth in this Amendment shall completely replace and supersede the Building Rent and Minimum Annual Rent provisions in the Sublease.

3. **Limited Consent to Assignment**. Notwithstanding any defect in the assignment of the Sublease from MJKL to Tenant at the time it occurred, Landlord is willing to consent to having Tenant treated as the assignee of MJKL's rights and obligations under the Sublease, and Landlord will not enforce any anti-assignment provision of the Sublease against Tenant. Notwithstanding the foregoing, Landlord has not released MJKL or the Guarantors (as defined in the Sublease) from liability, and Landlord reserves all claims against MJKL and the Guarantors.

4. **Assumption and Assignment of Sublease**. Tenant hereby assumes the Sublease and assigns the Sublease to Successor Tenant as modified and amended hereby and Successor Tenant agrees to accept assignment of the Sublease as modified and amended hereby effective as of the Execution Date, conditioned upon approval of the Court in the Bankruptcy Case. In the event the foregoing condition precedent is not satisfied on or before June 30, 2016, this Amendment, including the assumption and assignment of the Sublease made herein, shall become null and void and of no further force or effect.

5. **Estoppel**. Tenant agrees that all conditions and agreements under the Sublease to be performed by Landlord have been satisfied or performed and that Tenant has no existing defenses, deductions or offsets to the performance of its obligations under the Sublease. Landlord asserts that there are outstanding arrearages and delinquencies under the Sublease (the "**Cure Amount**") and acknowledges that, except for the Cure Amount, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under the Sublease. Upon the assignment and assumption of the Sublease, Landlord shall receive the Cure Amount or such other sums as are agreed upon by the Trustee and Landlord, or are ordered by the Court to cure the delinquencies and defaults under the Sublease.

6. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Sublease shall remain in full force and

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

effect, unchanged and unmodified. If any provision of the Sublease conflicts with this Amendment, the provisions of this Amendment shall control.

7.    **Status of Sublease**. Landlord represents and warrants that it has been assigned all of Carlees' interest in the Sublease, and that there have not been any further assignments of the Sublease.

8.    **Status of Ground Lease**. Landlord represents and warrants that it has been assigned all of Carlees' interest in the Ground Lease, and that, as a result, the Ground Lease has been extinguished.

9.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

10.   **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

11.   **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

12.   **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

13.   **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Sublease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Sublease as modified by this Amendment.

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

14.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Sublease.

15.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                          **TENANT:**

CSC TRUST                                              FRONTIER STAR, LLC

By:_____                            By:_____
Charleen Case, Trustee of the CSC Trust, as            Name: P. Gregg Curry
amended and/or restated                                Title: Trustee


                                                       **SUCCEESSOR TENANT:**

                                                       STARCORP CJ, LLC


                                                       By: _____

                                                       Name: _____

                                                       Title: _____

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

Case 2:15-bk-09383-EPB    Doc 973-5    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-3    Page 7 of 25

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CSC TRUST

By:_____
Charleen Case, Trustee of the CSC Trust, as amended and/or restated

**TENANT:**

FRONTIER STAR, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

**SUCCEESSOR TENANT:**

STARCORP CJ, LLC

By: _____

Name: _____

Title: _____

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

CSC TRUST                                         FRONTIER STAR, LLC


By: _____              By: _____
Charleen Case, Trustee of the CSC Trust, as       Name: P. Gregg Curry
amended and/or restated                           Title: Trustee



                                                  **SUCCEESSOR TENANT:**

                                                  STARCORP CJ, LLC


                                                  By: _____

                                                  Name: _____

                                                  Title: _____

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CSC TRUST

**TENANT:**

FRONTIER STAR, LLC

By:_____
Charleen Case, Trustee of the CSC Trust, as amended and/or restated

By: _____
Name: P. Gregg Curry
Title: Trustee

**SUCCEESSOR TENANT:**

STARCORP CJ, LLC

By: _____
Name: _____Eric Lester_____
Title: _____CEO_____

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

# SCHEDULE 1

## MINIMUM MONTHLY RENT

| TERM | MONTHLY BASE RENT |
|------|-------------------|
| Order Date - 3/27/18 | $12,000.00 |
| 3/28/18 - 3/27/23 | $12,600.00 |
| 3/28/23 - 3/27/28 | $13,230.00 |

1101792
7249 Bandera Rd.
Leon Valley, TX 78238

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this __th day of May, 2016 (the "**Execution Date**"), by and between Cheeseburger, LLC, an Arizona limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of October 16, 2002 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Amendment to Rent Obligations**. Notwithstanding any provisions to the contrary, beginning on the Order Date, and continuing for twelve (12) months thereafter, Tenant's rent obligations under the Lease shall be replaced with the following rent obligations set forth in this Amendment:

a.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as $8,133.33 per month. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

1100813
1400 S. Milton Ave
Flagstaff, AZ 86001

b.    **Replacement Provisions**. The Base Rent set forth in this Amendment shall completely replace and supersede any references to Building Rent, Base Rent, Monthly Minimum Rent and Minimum Annual Rent provisions in the Lease.

3.    **Right to Terminate**. Notwithstanding any provisions to the contrary, beginning on the Order Date and continuing for twelve (12) months thereafter, the Lease may be terminated by either Landlord or Tenant at any time, upon 90 days' written notice. If Tenant fails to notify Landlord of its election within the aforesaid twelve (12) month period, Tenant shall be deemed to have given notice of its right to early termination of the Lease. Landlord and Tenant shall negotiate in good faith regarding amending the amount of the Monthly Minimum Rent going forward for the remainder of the Lease Term. If the parties cannot agree on a negotiated Minimum Monthly Rent going forward by the end of the twelve (12) months, Tenant shall vacate the property at the end of the twelve (12) months or upon Termination whichever is earlier. Upon Tenant vacating the property and having paid all amounts owing to Landlord through Tenant vacating the property: the Lease shall be null and void, and Landlord and Tenant shall not have any further obligation or liability to one another relating to the Lease, except for those obligations which expressly survive the expiration of the Lease.

4.    **Surrender**. Paragraph 5.13 of the Lease is stricken and replaced with the following:

> Tenant shall surrender the Premises upon the expiration of the term, or any earlier termination date, with all improvements, parts and surfaces thereof clean and free of debris and in good operating order, condition and state of repair, ordinary wear and tear excepted. "Ordinary wear and tear" shall not include any damage or deterioration that would have been prevented by good maintenance practices or by Tenant performing all of its obligations under this Lease. Tenant shall completely remove from the Premises any and all Hazardous Substances brought onto the Premises by or for Tenant or any third party (except Hazardous Substances coming onto the Premises through underground migration from areas outside the Project) even if such removal would require Tenant to perform or pay for work that exceeds statutory requirements. Upon the expiration date all right, title and interest in the furniture, equipment, trade fixtures, and Alterations construct by Tenant, or its predecessor-in-interest shall transfer to Landlord without right of compensation. Tenant shall execute a bill of sale or other reasonable documentation evidencing such transfer of ownership to Landlord.

5.    **Late Charge**. Paragraph 7.7 (b)(2)(e) is stricken in its entirety and replaced with the following:

> Tenant acknowledges that late payment by Tenant to Landlord of Rent will cause Landlord to incur costs not contemplated by this Lease, the exact amount of which will be extremely difficult to ascertain. Such costs include, but are not limited to, processing and accounting charges, and late charges which may be imposed upon Landlord by the terms of any ground lease, mortgage or deed of trust covering the Premises. Accordingly, if any installment of Rent or other sum due from Tenant shall not be received by Landlord or Landlord's designee within five (5) days after such amount shall

1100813
1400 S. Milton Ave
Flagstaff, AZ 86001

Case 2:15-bk-09383-EPB   Doc 973-5   Filed 05/21/16   Entered 05/21/16 17:27:44
Desc Exhibit C-3   Page 13 of 25

be due, then, without any requirement for notice to Tenant, Tenant shall pay to Landlord a late charge ("**Late Charge**") equal to ten (10%) percent of such overdue amount. The Parties hereby agree that such Late Charge represents a fair and reasonable estimate of the costs Landlord will incur by reason of late payment by Tenant. Acceptance of such Late Charge by Landlord shall in no event constitute a waiver of Tenant's Default with respect to such overdue amount, nor prevent Landlord from exercising any of the other rights and remedies granted hereunder.

6.     **Estoppel**. Tenant agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed and that Tenant has no existing defenses, deductions or offsets to the performance of its obligations under the Lease. Landlord asserts that there are outstanding arrearages and delinquencies under the Lease (the "**Cure Amount**") and acknowledges that, except for the Cure Amount, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under the Lease. Upon the assignment and assumption of the Lease, Landlord shall receive the Cure Amount in such amount as is agreed upon by the Trustee and Landlord, or is ordered by the Court, to cure the delinquencies and defaults under the Lease.

7.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

8.     **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

9.     **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

10.     **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

11.     **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

1100813
1400 S. Milton Ave
Flagstaff, AZ 86001

12. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

13. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

14. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

**Cheeseburger, LLC, an Arizona limited liability company**

By: _____
Name: Jay Hagglund
Title: Managing Member

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

1100813
1400 S. Milton Ave
Flagstaff, AZ 86001

12. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

13. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

14. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

**Cheeseburger, LLC, an Arizona limited**        FRONTIER STAR CJ, LLC
**liability company**

By: _____                      By: _____
Name: _____                       Name: P. Gregg Curry
Title: Managing Member                            Title: Trustee

Page 4 of 4 – LEASE AMENDMENT

1100813
1400 S. Milton Ave
Flagstaff, AZ 86001

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Chen Ying Lee, an individual** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of January 28, 2010 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1500876
5104 Hinkleville Rd.
Paducah, KY 42001

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1500876
5104 Hinkleville Rd.
Paducah, KY 42001

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

Chen Ying Lee, an individual

**TENANT:**

FRONTIER STAR, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

1500876
5104 Hinkleville Rd.
Paducah, KY 42001

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|------|-------------------|
| 6/1/2016 – 8/31/2016 | $6,300.00 |
| Thereafter | As stated in Lease |

1500876
5104 Hinkleville Rd.
Paducah, KY 42001

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **CSC Holdings, LLC,** an Arizona limited liability company (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and MJKL Enterprises Midwest, LLC ("MJKL") entered into that certain Lease Agreement dated as of May 29, 2008 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to MJKL of the real property located at 1703 S. Neil St., Champaign, Illinois (the "**Premises**").

B.     MJKL previously assigned all of its right, title and interest in the Lease to Tenant.

C.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

D.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

E.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Rent**.

    a.     **Minimum Monthly Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay to Landlord the minimum monthly rent ("**Minimum Monthly Rent**") for the Premises in amounts set forth on **Schedule 1**

1501126
1703 S. Neil St.
Champaign, IL  61820

attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

b. **Percentage Rent**. In addition to Minimum Monthly Rent, Tenant shall pay to Landlord annually, within sixty (60) days after the close of calendar year, the amount, if any, by which eight percent (8%) of Tenant's Gross Sales (as defined below) during such calendar year exceeds the Minimum Monthly Rent actually paid by Tenant for such calendar year ("**Percentage Rent**"). For the calendar year in which the Order Date occurs, Tenant's potential obligation to pay Percentage Rent shall be determined only for the remainder of the calendar year after the Order Date.

c. **Financial Reports**. With the payment of Percentage Rent, Tenant shall deliver to Landlord a report of Gross Sales (as defined below) for the Premises for such calendar year. The financial report delivered to Landlord need not be audited. If Tenant elects to prepare audited financial statements, Tenant shall deliver such audited financial statements to Landlord upon Landlord's request.

d. **Definition of Gross Sales**. The term "**Gross Sales**" shall include all money paid to Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

3.     **Estoppel**. Tenant agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed and that Tenant has no existing defenses, deductions or offsets to the performance of its obligations under the Lease. Landlord asserts that there are outstanding arrearages and delinquencies under the Lease (the "**Cure Amount**") and acknowledges that, except for the Cure Amount, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under the Lease. Upon the assignment and assumption of the Sublease, Landlord shall receive the Cure Amount or such other sums as are agreed upon by the Trustee and Landlord, or are ordered by the Court to cure the delinquencies and defaults under the Lease.

4.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provision of the Lease conflicts with this Amendment, the provisions of this Amendment shall control.

5.     **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

1501126
1703 S. Neil St.
Champaign, IL 61820

6.      **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7.      **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8.      **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9.      **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment.

10.     **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

11.     **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1501126
1703 S. Neil St.
Champaign, IL 61820

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

CSC HOLDINGS, LLC

By: _____

Name: Charleen Case

Title: Managing Member

**TENANT:**

FRONTIER STAR, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 4 of 5 – LEASE AMENDMENT

1501126
1703 S. Neil St.
Champaign, IL 61820

# SCHEDULE 1

## MINIMUM MONTHLY RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 6/17/18 | $9,450.00 |
| 6/18/18 - 6/17/23 | $9,922.50 |
| 6/18/23 - 6/17/28 | $10,418.63 |

1501126
1703 S. Neil St.
Champaign, IL 61820