Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **Exhibit C**

Lease Modification Agreements

(attached)

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Dr. P.M. Corp.** an Illinois corporation (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 331 North Main Street, Chatham, IL 62629 (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly rent ("**Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Rent shall be prorated for such month.

3.      **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.  If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

4.      **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

Page 1 of 4 – LEASE AMENDMENT

1503931
331 North Main Street
Chatham, IL 62629

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503931
331 North Main Street
Chatham, IL 62629

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

DR. P.M. CORP.

By: P. Mozhar

Name: PARIVASH MAZHARI

Title: PRESIDENT

**TENANT:**

FRONTIER STAR, LLC

By:

Name: P. Gregg Curry

Title: Trustee

1503931
331 North Main Street
Chatham, IL 62629

# SCHEDULE 1

## MONTHLY RENT

| TERM | MONTHLY RENT |
|---|---|
| Order Date - 9/30/16 | $6,963.78 |
| 10/1/16 - 9/30/17 | $7,103.05 |
| 10/1/17 - 9/30/18 | $7,245.12 |
| 10/1/18 - 9/30/19 | $7,390.02 |
| 10/1/19 - 9/30/20 | $7,537.82 |
| 10/1/20 - 9/30/21 | $7,688.57 |
| 10/1/21 - 9/30/22 | $7,842.35 |
| 10/1/22 - 9/30/23 | $7,999.19 |
| 10/1/23 - 9/30/24 | $8,159.18 |
| 10/1/24 - 12/19/24 | $8,322.35 |

1503931
331 North Main Street
Chatham, IL 62629

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 16th day of May, 2016 (the "**Execution Date**"), by and between **ECBC Investments, LLC** a Nevada limited liability company (the "**Landlord**"), and **Frontier Star, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 1508 Bridge Street, Yorkville, IL 60560 (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

1506006
1508 Bridge Street
Yorkville, IL 60560

4.  **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.  **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.  **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.  **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.  **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

9.  **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.  **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1506006
1508 Bridge Street
Yorkville, IL 60560

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

LANDLORD:

ECBC INVESTMENTS, LLC

By: _ECBC Investments LLC_

Name: _Eugene Carpenter_

Title: _Manager_

TENANT:

FRONTIER STAR, LLC

By: _P. Gregg Curry_

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1506006
1508 Bridge Street
Yorkville, IL 60560

## SCHEDULE 1

### MINIMUM MONTHLY RENT

| TERM | MINIMUM MONTHLY RENT |
|---|---|
| ORDER DATE – Apr 30th, 2018 | $9,333.33 |
| May 1st, 2018 – Apr 30th, 2023 | $9,800.00 |
| May 1st, 2028 – Apr 30th, 2033 | $10,290.00 |
| May 1st, 2033 – Apr 30th, 2038 | $10,804.50 |

Page 4 of 4 – LEASE AMENDMENT

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **ECBC Investments, LLC** a Nevada limited liability company (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant"),** with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of March 1, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, the Monthly Minimum Rent amounts in the Lease shall be replaced with the amounts set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.     **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.  If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

Page 1 of 4 – LEASE AMENDMENT

1506008
201 School Street
Hilsboro, IL  62049

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1506008
201 School Street
Hilsboro, IL 62049

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

ECBC INVESTMENTS, LLC

By: _ECBC Investments LLC_

Name: _Ernie Carpenter_

Title: _Manager_

**TENANT:**

FRONTIER STAR, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

## SCHEDULE 1

### MINIMUM MONTHLY RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| ORDER DATE – APR 30, 2018 | $8,666.66 |
| MAY 1, 2018 – APR 30, 2023 | $9,100.00 |
| MAY 1, 2023 – APR 30, 2028 | $9,555.00 |
| MAY 1, 2028 – APR 30, 2033 | $10,032.75 |

1506008
201 School Street
Hilsboro, IL 62049

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Glenn J. Pratt**, an individual, and **Judith K. Pratt**, an individual (collectively, the "**Landlord**"), and **Frontier Star, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.    Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.    Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.    The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.    Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.    **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.    **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.    **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1503144
2501 Stevenson Drive
Springfield, IL  62703

4.    **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.    **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503144
2501 Stevenson Drive
Springfield, IL  62703

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

FRONTIER STAR, LLC

_____
Glenn J. Pratt, individually

By: _____
Name: P. Gregg Curry
Title: Trustee

_____
Judith K. Pratt, individually

Page 3 of 4 – LEASE AMENDMENT

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date – 9/30/16 | $ 6,835.69 |
| 10/1/16 – 9/30/17 | $ 6,972.41 |
| 10/1/17 – 9/30/18 | $ 7,111.85 |
| 10/1/18 – 9/30/19 | $ 7,254.09 |
| 10/1/19 – 9/30/20 | $ 7,398.90 |
| 10/1/20 – 9/30/21 | $ 7,547.16 |
| 10/1/21 – 9/30/22 | $ 7,698.10 |
| 10/1/22 – 9/30/23 | $ 7,852.06 |
| 10/1/23 – 9/30/24 | $ 8,009.10 |
| 10/1/24 – 12/19/24 | $ 8,169.28 |

1503144
2501 Stevenson Drive
Springfield, IL 62703

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE ("**Amendment**") is made and entered into effective as of this _20th_ day of May, 2016 (the "**Execution Date**"), by and between **Golden River, LLC,** ("**Landlord**"), **Frontier Star CJ, LLC,** a Delaware limited liability company, and its successors and assigns ("**Tenant**"), and **Starcorp, LLC,** a Delaware limited liability company ("**Starcorp**") with reference to the following Recitals:

## RECITALS:

A.    Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of June 13, 2011 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 3930 Eastex Freeway, City of Beaumont, TX 77703 ("**Premises**").

B.    Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").    P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.    The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.    With the consent of Landlord, on the Order Date, the Trustee also intends to assign its rights and obligations under the Lease to Starcorp.

E.    Starcorp has reviewed the terms of this Amendment to Lease, and upon assignment of the Lease to Starcorp, Starcorp shall be bound by all of the terms and all of Tenant's obligations under the Lease, including this Amendment.

F.    Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.    **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.    **Amendment to Rent Obligations**.  Notwithstanding any provisions to the contrary, beginning on the Order Date and continuing until the earlier of: (i) seven years and six months (7.5 years) from the Order Date or (ii) the first month after gross sales at the Premises reach or exceed $1,200,000 for a calendar year (January through December) (each a "**Trigger**

Page 1 of 1 – LEASE AMENDMENT

Event"), the Base Rent obligations under the Lease shall reduce by 20% ("**Reduction**"). Increases to the Base Rent listed in the Lease shall continue in full force. Upon occurrence of a Trigger Event, this Section 2 of this Amendment shall have no further effect, and all terms in the Lease regarding the amount of the Base Rent shall apply in full force

3. **Statements of Gross Sales**. On or before the tenth day after Landlord's written or emailed request, Tenant shall deliver to Landlord a complete and correct statement showing in reasonable detail all Gross Sales for the immediately preceding calendar quarter (three month period). Moreover, on or before January 10th of each year and without the requirement of Landlord requesting such information, Tenant shall deliver to Landlord a complete and correct statement showing in reasonable detail all Gross Sales for the immediately preceding calendar year (January through December).

4. **Definition of Gross Sales**. The term "**Gross Sales**" shall include all money received by, or paid to, Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

5. **Tenant Payments**. Other than the modification to the Base Rent agreed herein, all other payments required to be paid by Tenant under the Lease shall continue in full force and effect, including without limitation: utilities, taxes, insurance, and all Additional Rent listed in the Lease.

6. **Assignment and Subletting**. Upon the occurrence of the Order Date, Landlord consents to Tenant assigning the entirety of its rights and obligations under the Lease to Starcorp. Except as provided herein, without Landlord's prior written consent (which consent shall not be unreasonably withheld or delayed), Tenant shall not assign the Lease or sublease the Premises or any part thereof, and any attempt to do any of the foregoing shall be automatically void and of no effect. Any such authorized assignment or subletting shall not release Tenant from the obligations and liabilities under this Lease and Amendment.

7. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

8. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

9. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any

3930 Eastex Freeway, City of Beaumont, TX 77703

person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

10. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

11. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

12. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

13. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

14. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

3930 Eastex Freeway, City of Beaumont, TX 77703

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

GOLDEN RIVER, LLC

By: _____ , Michael Jones
Name: John Conroy            as attorney
Title: President             for Golden River, LLC

STARCORP, LLC

By: _____
Name:
Title:

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 4 of 4 – LEASE AMENDMENT

3930 Eastex Freeway, City of Beaumont, TX 77703

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

GOLDEN RIVER, LLC                         FRONTIER STAR CJ, LLC

By: _____ , _Michael Jones_      By: _____
Name: John Conroy    _as attorney_        Name: P. Gregg Curry
Title: President    _for Golden River, LLC_   Title: Trustee


STARCORP, LLC


By: _____
Name: MATT LANGFEILD
Title: COO

Page 4 of 4 – LEASE AMENDMENT

3930 Eastex Freeway, City of Beaumont, TX 77703

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 16th day of May, 2016 (the "**Execution Date**"), by and between **HRDS Round Lake IL, LLC** a Wyoming limited liability company (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and MIH Star HD, LLC ("**MIH**") previously entered into that certain Lease Agreement dated as of October 10, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 380 W Road, Round Lake, IL 60073 (the "**Premises**").

B.      On or about October 10, 2013, MIH purportedly assigned all of its rights and obligations under the Lease to Tenant, pursuant to that Assignment and Assumption of Lease Interest of the same date. Landlord did not release any rights or claims it had against MIH, and specifically reserves the right to enforce the lease against MIH.

C.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

D.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

E.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Minimum Monthly Rent**. Beginning the first full calendar month after the Order Date, Tenant's obligation to pay "Minimum Monthly Rent" shall be replaced with the Rent obligations set forth on the attached **Schedule 1**.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

Page 1 of 4 – LEASE AMENDMENT

4. **Estoppel**. Landlord and Tenant acknowledges that the Lease is in full force and effect and has not been modified, supplemented or amended in any way except as set forth herein. Tenant agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed. There are no existing defenses or offsets; except as set forth in the next sentence, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under this Lease. Landlord asserts that Tenant is in arrearages in the amount of $32,678.37. Upon the assignment and assumption of the Lease, Landlord shall receive the arrearage stated above or other such amount necessary to cure the Lease as Landlord is legally entitled to, and is approved by the Court. Notwithstanding the fact that Landlord may not have provided consent to the assignment of the Lease from MIH to Tenant, Landlord agrees not to enforce the anti-assignment provisions in the Lease against Tenant, and further agrees to the assignment of the Lease in the Bankruptcy Case, subject to the conditions set forth in this Agreement.

5. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

10. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

1506052
380 W Rollins Rd
Round Lake, IL 60073

11.     **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                  **TENANT:**

HRDS ROUND LAKE IL, LLC              FRONTIER STAR, LLC

By:_____          By:_____
Name: Leonid Chernoy                       Name: P. Gregg Curry
Title: MANAGER                                 Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1506052
380 W Rollins Rd
Round Lake, IL 60073

# SCHEDULE 1

## RENT

      a.      **Percentage Rent**. On or before the tenth day of each month, Tenant shall pay percentage rent ("**Rent**") in an amount equal to eight percent (8%) of Tenant's "Gross Sales" (as defined below) for the preceding calendar month.

      b.      **Statement of Gross Sales**. On or before the tenth day of each month, Tenant shall deliver to Landlord a complete and correct statement showing in reasonable detail all Gross Sales for the immediately preceding calendar month, which statement shall be signed by an officer or authorized agent of Tenant certifying it to be true and accurate. Simultaneously with the delivery of such statement, Tenant shall pay to Landlord the Rent required to be paid hereunder.

      c.      **Definition of Gross Sales**. The term "**Gross Sales**" shall include money received by, or paid to, Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

Page 4 of 4 – LEASE AMENDMENT

1506052
380 W Rollins Rd
Round Lake, IL 60073