## **Exhibit C**

Lease Modification Agreements

(attached)

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

800530.2/0392946

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Ike Bootsma & Squeaker D. Bootsma, Co-Trustees of the Bootsma Living Trust established March 15, 2001** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1502728
1835 Sangamon Ave.
Springfield, IL 62702

4.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.     **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1502728
1835 Sangamon Ave.
Springfield, IL 62702

Case 2:15-bk-09383-EPB   Doc 973-7   Filed 05/21/16   Entered 05/21/16 17:27:44
Desc Exhibit C-5   Page 3 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

LANDLORD:

_____
Ike Bootsma, as Trustee of the Bootsma
Living Trust Established March 15, 2001, as
amended and/or restated

_____
Squeaker D. Bootsma, as Trustee of the
Bootsma Living Trust Established March 15,
2001, as amended and/or restated

TENANT:

FRONTIER STAR, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1502728
1835 Sangamon Ave
Springfield, IL 62702

## SCHEDULE 1

### MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order date - 9/30/16 | $ 7,322.21 |
| 10/1/16 - 9/30/17 | $ 7,468.66 |
| 10/1/17 - 9/30/18 | $ 7,618.03 |
| 10/1/18 - 9/30/19 | $ 7,770.39 |
| 10/1/19 - 9/30/20 | $ 7,925.80 |
| 10/1/20 - 9/30/21 | $ 8,084.31 |
| 10/1/21 - 9/30/22 | $ 8,246.00 |
| 10/1/22 - 9/30/23 | $ 8,410.92 |
| 10/1/23 - 9/30/24 | $ 8,579.14 |
| 10/1/24 - 12/19/24 | $ 8,750.72 |

1502728
1835 Sangamon Ave.
Springfield, IL 62702

DocuSign Envelope ID: 43DE11DB-BD5C-47B1-8D86-FBAF838552A1

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 18th day of May, 2016 (the "**Execution Date**"), by and between **INGRID LEBLANC** (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of January 31, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Amendment to Rent Obligations**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, and continuing for thirty-six (36) months thereafter (the "**Reversion Date**"), Tenant's rent obligations under the Lease shall be replaced with the following rent obligations set forth in this Amendment:

a.      **Minimum Monthly Rent**.  From the Order Date through the Reversion Date, the Minimum Monthly Rent specified in Section 1.10 shall be $5,000 per month.  Unless the Lease is terminated pursuant to Section 3 hereof, then upon the Reversion Date, the Minimum Monthly Rent shall increase to the amounts that would otherwise be due under the rent schedule set forth in Section 1.10 of the Lease, and such original rent schedule shall remain in effect for the balance of the Term.

1102195
1608 E. Ash Street
Globe, AZ 85501

   b. **Percentage Rent**. In addition to Minimum Monthly Rent of $5,000 per month, Tenant shall pay to Landlord annually, within sixty (60) days after the close of calendar year, the amount, if any, by which eight percent (8%) of Tenant's Gross Sales (as defined below) during such calendar year exceeds the Minimum Monthly Rent actually paid by Tenant for such calendar year ("Percentage Rent"). For the calendar year in which the Order Date occurs, Tenant's potential obligation to pay Percentage Rent shall be determined only for the remainder of the calendar year after the Order Date. If the Lease is terminated for any reason, including pursuant to Section 3, below, Percentage Rent shall be calculated for any partial year leading up to the date of termination and Tenant shall pay all Percentage Rent due (if any) within sixty (60) days after the date of termination. This obligation shall survive termination of the Lease.

   c. **Financial Reports**. With the payment of Percentage Rent, Tenant shall deliver to Landlord a report of Gross Sales (as defined below) for the Premises for such calendar year. The financial report delivered to Landlord need not be audited, but shall be signed and certified as true and correct by Tenant's chief financial officer. If Tenant elects to prepare audited financial statements, Tenant shall deliver such audited financial statements to Landlord upon Landlord's request. Tenant shall maintain records of the Gross Sales in accordance with generally accepted accounting principles consistently applied. Tenant's books and records, together with copies of all sales and other excise tax reports which Tenant may be required to furnish to any governmental agency, shall be open for inspection by Landlord, its auditors and other authorized representatives upon reasonable prior notice. Tenant shall preserve the records on which any statement of Gross Sales is based for a period of five (5) years after such statement is rendered. If as the result of any audit conducted by Landlord, any statement of Percentage Rent shall be found to be more than 5% less than the amount of Percentage Rent actually due for the period covered by the statement, Tenant shall promptly pay upon receipt of a written invoice therefor, the cost of the audit, as well as the additional rental therein shown to be due. If such differential is 5% or less, the cost of the audit shall be paid by Landlord.

   d. **Definition of Gross Sales**. The term "**Gross Sales**" shall include money received by, or paid to, Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, and less the amount of any actual refunds or credits made by Tenant on returnable merchandise.

   e. **Cure of Prior Defaults.** Landlord asserts that Tenant is in arrearage of amounts due under the Lease, including rent and property tax payments. Upon the assignment and assumption of the Lease, Landlord shall receive the arrearage or other such other amount necessary to cure the Lease as Landlord is legally entitled to, and is approved by the Court. Tenant shall make payment of the appropriate cure amount not later than June 30, 2016.

   f. **Replacement Provisions**. The Minimum Monthly Rent and Percentage Rent obligations set forth in this Amendment shall completely replace and supersede the provisions specified above for Building Rent and Minimum Annual Rent provisions in the Lease.

  3. **Right to Terminate**. Notwithstanding any provisions to the contrary, Tenant shall deliver written notice to Landlord not more than 270 days, nor less than 180 days, prior to

Page 2 of 5 – LEASE AMENDMENT

DocuSign Envelope ID: 43DE11DB-BD5C-47B1-8D86-FBAF838552A1

the Reversion Date, as to whether Tenant wishes to continue the Lease in effect. If Tenant gives notice of its election to continue the Lease in effect, then the rent due hereunder shall be as provided in Section 2.a. hereof. If Tenant fails to notify Landlord of its election within the aforesaid ninety (90) day period, Tenant shall be deemed to have given notice of its right to early termination of the Lease. If Tenant gives notice, or is deemed to have given notice, of its election to terminate the Lease, then the Lease shall terminate as of the Reversion Date. Tenant's delivery (or deemed delivery) of notice of its election to either extend or terminate the Lease shall be irrevocable. If the Order Date does not take place prior to June 30, 2016, this Amendment shall automatically be void and of no further force or effect.

4. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

5. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

10. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

1102195
1608 E. Ash Street
Globe, AZ 85501

DocuSign Envelope ID: 43DE11DB-BD5C-47B1-8D86-FBAF838552A1

11.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1102195
1608 E. Ash Street
Globe, AZ  85501

DocuSign Envelope ID: 43DE11DB-BD5C-47B1-8D86-FBAF838552A1

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

_____
INGRID LEBLANC

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 5 of 5 – LEASE AMENDMENT

1102195
1608 E. Ash Street
Globe, AZ 85501

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **James H. Evans, as Trustee of the J.H. Evans Trust dated November 7, 2006** (the "**Landlord**"), and **Frontier Star, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of August 31, 2009 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1500062
1105 S. Main St
Sikeston, MO 63801

4.    **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.    **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1500062
1105 S. Main St
Sikeston, MO  63801

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 12 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

                                                 FRONTIER STAR, LLC

_____ _Trustee_        By: _____
James H. Evans, as Trustee of the J.H. Evans     Name: P. Gregg Ourey
Trust dated November 7, 2006, as amended         Title: Trustee
and/or restated

Page 3 of 4 – LEASE AMENDMENT

1500062
1105 S. Main St
Sikeston, MO 63801

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date – 9/14/19 | $11,812.50 |
| 9/15/19 – 9/14/24 | $12,375.00 |
| 9/15/24 – 9/15/29 | $12,937.50 |

Page 4 of 4 – LEASE AMENDMENT

1500062
1105 S. Main St
Sikeston, MO 63801

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **John Capra and Doris Capra, as Trustees of the Capra Trust dated May 30, 1985,** as amended and/or restated, **Michael D'Egidio and Marilyn Strong-D'Egidio, as Trustees of the D'Egidio Trust dated May 24, 1996,** as amended and/or restated, **Bruno D'Egidio, as Trustee of the Bruno D'Egidio Irrevocable Trust dated January 1, 1998,** as amended and/or restated, **Rosemarie D'Egidio, as Trustee of the Rosemarie D'Egidio Irrevocable Trust dated October 10, 1994,** as amended and/or restated, and **Carol D'Egidio, as Trustee of the Carol A. D'Egidio Irrevocable Trust dated July 19, 1996,** as amended and/or restated (collectively, the "**Landlord**"), and **Frontier Star,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of September 4, 2008 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.

     a.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth

Page 1 of 6 – LEASE AMENDMENT

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 15 of 122

on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

        b.    **Percentage Rent**. In addition to Minimum Monthly Rent, Tenant shall pay to Landlord annually, within sixty (60) days after the close of calendar year, the amount, if any, by which ten percent (10%) of Tenant's Gross Sales (as defined below) during such calendar year exceeds the Minimum Monthly Rent actually paid by Tenant for such calendar year ("**Percentage Rent**"). For the calendar year in which the Order Date occurs, Tenant's potential obligation to pay Percentage Rent shall be determined only for the remainder of the calendar year after the Order Date.

        c.    **Definition of Gross Sales**. The term "**Gross Sales**" shall include all money paid to Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

        d.    **Replacement Provisions**. The Minimum Monthly Rent and Percentage Rent obligations set forth in this Amendment shall completely replace and supersede the Building Rent and Minimum Annual Rent provisions in the Lease.

    3.    **Financial Reports**. Within 45 days after the end of each calendar year Tenant shall deliver to Landlord a report of period Gross Sales (as defined below) for the Premises. Upon request, Tenant shall deliver to Landlord period income statements for the business at the Premises. The financial statements delivered to Landlord need not be audited. If Tenant elects to prepare audited financial statements, Tenant shall deliver such audited financial statements to Landlord upon Landlord's request

    4.    **Property Taxes**. Notwithstanding any provisions to the contrary, Tenant shall not be required to pay a monthly tax impound to Landlord. Upon receipt of the property tax statement for the Premises, Landlord shall forward the statement to Tenant, and Tenant shall pay the property taxes due directly to the appropriate governmental authority, prior to the due date, and provide Landlord with proof of payment.

    5.    **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

    6.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

    7.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision

Page 2 of 6 – LEASE AMENDMENT

hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

8. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

9. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

10. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court approving this Amendment.

11. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

12. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1500405
310 US Highway 62 W
Princeton, KY 42445

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 17 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

LANDLORD:

TENANT:

FRONTIER STAR

_____
JOHN CAPRA, as Trustee of the Capra Trust dated May 30, 1985, as amended and/or restated

By: _____
Name: P. Gregg Curry
Title: Trustee

_____
DORIS CAPRA, as Trustee of the Capra Trust dated May 30, 1985, as amended and/or restated

_____
MICHAEL D'EGIDIO, as Trustee of the D'Egidio Trust dated May 24, 1996, as amended and/or restated

_____
MARILYN STRONG-D'EGIDIO, as Trustee of the D'Egidio Trust dated May 24, 1996, as amended and/or restated

_____
BRUNO EGIDIO, as Trustee of the Bruno D'Egidio Irrevocable Trust dated January 1, 1998, as amended and/or restated

[Landlord signatures continued on next page]

Page 4 of 6 – LEASE AMENDMENT

1500405
310 US Highway 62 W
Princeton, KY 42445

**LANDLORD:**

_____
ROSEMARIE D'EGIDIO, as Trustee of the
Rosemarie D'Egidio Irrevocable Trust dated
October 10, 1994, as amended and/or restated


_____
CAROL D'EGIDIO, as Trustee of the Carol
A. D'Egidio Irrevocable Trust dated July 19,
1996, as amended and/or restated

1500405
310 US Highway 62 W
Princeton, KY  42445

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 19 of 122

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 9/13/18 | $9,450.00 |
| 9/14/18 - 9/13/23 | $9,900.00 |
| 9/14/23 - 9/13/28 | $10,350.00 |

Page 6 of 6 – LEASE AMENDMENT

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **John Scarsella** an individual (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Re No One, LLC ("**RNO**") and MKJL Enterprises, LLC ("**MKJL**") entered into that certain Lease Agreement dated June 7, 2005 (as amended, modified and supplemented, the "**Lease**"), for the lease by RNO to MKJL of the real property located at Parcel # 306-29-015G, Quartzite, Arizona, and more particularly described therein (the "**Premises**").

B.      RNO subsequently assigned all of its interest in the Lease to Landlord, and MKJL subsequently assigned all of its interest in the Lease to Tenant.

C.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

D.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

E.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1101608
1450 West Main Street
Quartzite, AZ 85346

4.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.     **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101608
1450 West Main Street
Quartzite, AZ  85346

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 22 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

ohn Scarsella

**TENANT:**

FRONTIER STAR CJ, LLC

By:
Name: P. Gregg Curry
Title: Trustee

1101608
1450 West Main Street
Quartzite, AZ 85346

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/16 – 8/31/16 | $6,684.38 |
| Thereafter | As stated in Lease |

Page 4 of 4 – LEASE AMENDMENT

1101608
1450 West Main Street
Quartzite, AZ 85346

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 24 of 122

# AMENDMENT TO AND ASSUMPTION AND ASSIGNMENT OF LEASE

This AMENDMENT TO AND ASSUMPTION AND ASSIGNMENT OF LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **LDR-Cactus, L.L.C.** an Arizona limited liability company (the "**Landlord**"), **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Frontier Star**"), and **Starcorp, LLC**, a Delaware limited liability company ("**Successor Tenant**") with reference to the following Recitals:

## RECITALS:

A.     Landlord and MJKL Enterprises, LLC ("**MJKL**") previously entered into that certain Albertson's Peoria Marketplace Ground Lease executed as of October 4, 2001 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to MJKL of the premises described therein (the "**Premises**").

B.     MJKL purportedly assigned all of its interests, rights and obligations in the Lease to Tenant. Landlord has not consented to the purported assignment of the Lease to Tenant, and has not released MJKL from any liability under the Lease.

C.     Frontier Star is one of four chapter 11 debtors (the "**Debtors**") in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

D.     The assets of the Debtors have been sold to Successor Tenant pursuant to the terms of a Purchase and Sale Agreement dated as of February 29, 2016, as amended, and approved by the Court pursuant to the Court's order entered on March 31, 2016 at Docket No. 888 (the "**Sale Order**").

E.     The Court has entered its order extending the period for Frontier Star to assume and assign the Lease to May 21, 2016.

F.     Frontier Star wishes to assume the Lease and to assign the Lease to Successor Tenant.

G.     The Trustee has the authority to bind Frontier Star to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

H.     Landlord and Frontier Star now desire to amend the Lease and Successor Tenant wishes to assume the Lease, upon the terms and conditions as hereinafter set forth:

1101411
12110 N. 75th Ave.
Peoria, AZ 85381

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Minimum Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly minimum rent ("**Minimum Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month. The Minimum Rent provisions in this Amendment shall replace and supersede all provisions in the Lease regarding the same.

3. **Limited Consent to Assignment**. Notwithstanding Landlord's assertion that it did not consent to the assignment of the Lease from MJKL to Frontier Star at the time it allegedly occurred, Landlord is willing to consent to having Frontier Star treated as the assignee of MJKL's rights and obligations under the Lease, and Landlord will not enforce any anti-assignment provision of the Lease against Frontier Star. Notwithstanding the foregoing, Landlord has not released MJKL or the Guarantors (as defined in the Lease) from liability, and Landlord reserves all claims against MJKL and the Guarantors.

4. **Option to Extend**. Notwithstanding any potential defect in the prior exercise of the option to extend the Lease, Landlord and Frontier Star agree and acknowledge that the option to extend the Lease shall be deemed as properly exercised in accordance with §2.02 of the Lease.

5. **Assumption and Assignment of Lease**. Frontier star hereby assumes the Lease and assigns the Lease to Successor Tenant as modified and amended hereby and Successor Tenant agrees to accept assignment of the Lease as modified and amended hereby effective as of the Execution Date. The foregoing assumption and assignment are subject to the approval of the Court in the Bankruptcy Case. In the event the foregoing condition precedent is not satisfied on or before June 30, 2016, this Amendment, including the assumption and assignment of the Lease made herein, shall become null and void and of no further force or effect.

6. **Estoppel**. Frontier Star agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed and that Frontier Star has no existing defenses, deductions or offsets to the performance of its obligations under the Lease. Landlord asserts that there are outstanding arrearages and delinquencies under the Lease in the amount of $14,449.42 (the "**Cure Amount**") and acknowledges that, except for the Cure Amounts, Frontier Star is not in default in the payment of rent or any of the other obligations required of Tenant under the Lease . Upon the assignment and assumption of the Lease, Landlord shall receive the Cure Amounts or such other sums ordered by the Court to cure the delinquencies and defaults under the Lease.

1101411
12110 N. 75th Ave.
Peoria, AZ 85381

7.    **No Further Amendments, Ratification**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified and each party to this Amendment expressly ratifies and reaffirms the terms and conditions of the Lease as modified and amended herein.  If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.  Successor Tenant shall execute all necessary documents reasonably requested by Landlord to evidence the assignment, reaffirmation and ratification of the modified and amended Lease.

8.    **No Representations**.    Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

9.    **Severability**.    A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

10.    **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

11.    **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

12.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption and assignment of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

13.    **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

14.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

Page 3 of 5 – LEASE AMENDMENT

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

LDR-CACTUS, L.L.C.

By:_____

Name:_____

Title:_____

**FRONTIER STAR:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

**SUCCESSOR TENANT:**

STARCORP, LLC

By: _____

Name: _____Eric Lester_____

Title: _____CEO_____

Page 4 of 5 – LEASE AMENDMENT

1101411
12110 N. 75th Ave.
Peoria, AZ 85381

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

LDR-CACTUS, L.L.C.

By: _____

Name: _____

Title: _____

**FRONTIER STAR:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

**SUCCESSOR TENANT:**

STARCORP, LLC

By: _____

Name: _____Eric Lester_____

Title: _____CEO_____

Page 4 of 5 – LEASE AMENDMENT

1101411
12110 N. 75th Ave.
Peoria, AZ 85381

## SCHEDULE 1

### MINIMUM RENT

| TERM | MONTHLY MINIMUM RENT |
|------|----------------------|
| Order Date -- Dec/16 | $6,057.71 |
| Jan/17 - Dec/21 | $6,784.64 |
| Jan/22 - Dec/26 | $7,598.79 |
| Jan/27 -- Dec/31 | $8,510.65 |

Page 5 of 5 -- LEASE AMENDMENT

1101411
12110 N. 75th Ave.
Peoria, AZ 85381

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 17th day of May, 2016 (the "**Execution Date**"), by and between **Ligo Investments, LLC**, a California limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant"),** with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of August 1, 2012 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").   P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1102291
728 N. Bisbee
Wilcox, AZ 85643

4. **No Representations**.    Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**.    A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**.    For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9. **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1102291
728 N. Bisbee
Wilcox, AZ 85643

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 32 of 122

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|------|-------------------|
| Order Date – 7/30/17 | $8,925.00 |
| 7/31/17 – 7/30/22 | $9,371.25 |
| 7/31/22 – 7/30/27 | $9,839.81 |
| 7/27/27 – 7/30/32 | $10,331.80 |

Ligo Investments, LLC

By: _____

Name: Clemencia Limon

Title: President

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

May 17, 2016

Page 4 of 4 – LEASE AMENDMENT

1102291
728 N. Bisbee
Wilcox, AZ. 85643

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

LIGO INVESTMENTS, LLC

By: _____

Name: Clemencia Limon

Title: President

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1102291
728 N. Bisbee
Wilcox, AZ 85643

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Manny Hirschel,** an individual (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

# RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of July 11, 2008 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **Sales Reporting**.  Upon Landlord's reasonable request, Tenant shall provide Landlord with sales figures at the Premises for each 4-week fiscal period.

4.     **No Further Amendments.**  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

Page 1 of 4 – LEASE AMENDMENT

5.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9.     **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

10.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

11.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

Page 2 of 4 – LEASE AMENDMENT

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

MANNY HIRSCHEL, individually

**TENANT:**

FRONTIER STAR, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

Case 2:15-bk-09383-EPB   Doc 973-7   Filed 05/21/16   Entered 05/21/16 17:27:44
Desc Exhibit C-5   Page 37 of 122

## SCHEDULE 1

### MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|------|-------------------|
| Order Date – 7/13/18 | $9,450.00 |
| 7/14/18 – 7/13/23 | $9,900.00 |
| 7/14/23 – 7/13/28 | $10,350.00 |
| 7/14/28 – 7/13/33 | Market per lease addendum language |
| 7/14/33 – 7/13/38 | Market per lease addendum language |

1500550
707 N. 3rd Street
Bardstown, KY 40004

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between the **Margaret and David Firestone Living Trust** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"),** with reference to the following Recitals:

# RECITALS:

A.    Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of April 1, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.    Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.    The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.    Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.    **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.    **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.    **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1503201
2625 Columbus St
Ottawa, IL 61350

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 39 of 122

4.    **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.    **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503201
2625 Columbus St
Ottawa, IL 61350

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

MARGARET AND DAVID FIRESTONE          FRONTIER STAR, LLC
LIVING TRUST, as amended and/or restated

By: _Margaret J Firestone_               By: _P Gregg Curry_
    _David Firestone_                     Name: P. Gregg Curry
Name: _Margaret J. Firestone_            Title: Trustee

Title: _TRUSTEES_

Page 3 of 4 – LEASE AMENDMENT

## SCHEDULE 1

### MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 1/1/17 – 3/30/18 | $10,625.00 |
| 4/1/18 – 3/30/23 | $11,156.25 |
| 4/1/23 – 3/30/28 | $11,687.50 |
| 4/1/28 – 3/30/33 | $12,218.75 |
| 4/1/33 – 3/30/38 | $12,750.00 |
| 4/1/38 – 3/30/43 | $13,281.25 |

1503201
2625 Columbus St
Ottawa, IL 61350

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 42 of 122

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 20th day of May, 2016 (the "**Execution Date**"), by and between **Miriam Shapiro, Trustee of the Miriam Shapiro Revocable Trust dated August 16, 1991** (the "Landlord"), **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), and **Starcorp, LLC ("Starcorp" or "Buyer"),**[1] with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement attached hereto as **Exhibit A**, which is purportedly dated as of May 20, 2013 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month. The Minimum Monthly Rent obligations in this Amendment shall replace and supersede all such provisions in the Lease.

---

[1] Starcorp CJ, LLC, will be the assuming entity.

Page 1 of 5 – LEASE AMENDMENT

1102032
21064 E. Ocotillo
Queen Creek, AZ 85142

3. **Financial Reports**. Upon request by Landlord, Tenant shall deliver to Landlord a report of Gross Sales (as defined below) for the Premises for the preceding calendar year. The financial report delivered to Landlord need not be audited. If Tenant elects to prepare audited financial statements, Tenant shall deliver such audited financial statements to Landlord upon Landlord's request. The term "Gross Sales" shall include all money paid to Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

4. **Cure of Lease Defaults.** Tenant acknowledges that as of the date of this Amendment it is in material default under the Lease in several respects, including, without limitation failure to pay rent for October 2015, failure to pay late fees, failure to pay interest, failure to pay real property taxes, failure to pay CAM charges and failure to reimburse Landlord for attorneys' fees and cost incurred as the result of the defaults and for protection of Landlord's legal rights in the Chapter 11 proceeding (collectively, the "Tenant Defaults.") Notwithstanding anything else in this Amendment, this Amendment is subject to and conditioned on Tenant curing all Tenant Defaults, including payment of all monetary amounts due, to Landlord's satisfaction in its sole and complete discretion (the "Cure Payments"). This condition will be satisfied upon payment by the Tenant of the Cure Payment of $97,801.71, plus the Starcorp payment of $10,000 set forth in paragraph 7 below, to Landlord.

5. **Estoppel**. Tenant acknowledges that the Lease is in full force and effect and has not been modified, supplemented or amended in any way except as to the Tenant Defaults and as otherwise set forth herein. Once the Cure Payments have been made, all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed. There are no existing defenses or offsets; once the Cure Payments have been made Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under this Lease.

6. **Pending Assignment.** This Amendment is entered into in contemplation of an assumption of the Lease by Tenant in its Chapter 11 case, and immediate assignment of the Lease, as modified by this Amendment, to the Starcorp CJ, LLC. As a condition to the effectiveness of this Amendment, Starcorp CJ, LLC shall have signed a lease assumption agreement in form satisfactory to Landlord pursuant to which Starcorp CJ, LLC shall specifically assume all duties and obligations of Tenant under the Lease as modified by this Amendment (the "Buyer Assumption").

7. **Starcorp Payment to Landlord.** As a condition to the effectiveness of this Amendment, Starcorp further agrees to pay to Landlord the sum of ten thousand dollars ($10,000) within three (3) days of entry of a Bankruptcy Court order approving the assumption and assignment of the Lease.

8. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect,

1102032
21064 E. Ocotillo
Queen Creek, AZ 85142

unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

9. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

10. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

11. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

12. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

13. **Binding Nature Of Amendment; Approval**. Subject only to the making of the Cure Payments, execution and delivery of the Buyer Assumption and entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment.

14. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

15. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1102032
21064 E. Ocotillo
Queen Creek, AZ 85142

Case 2:15-bk-09383-EPB   Doc 973-7   Filed 05/21/16   Entered 05/21/16 17:27:44
Desc Exhibit C-5   Page 45 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

**TENANT:**

FRONTIER STAR CJ, LLC

_____
MIRIAM SHAPIRO, Trustee of the Miriam
Shapiro Revocable Trust dated August 16,
1991, as amended and/or restated

By: _____
Name: P. Gregg Curry
Title: Trustee

**BUYER:**

STARCORP, LLC

By: _____
Name: _____
Title: _____

Page 4 of 5 – LEASE AMENDMENT

1102032
21064 E. Ocotillo
Queen Creek, AZ 85142

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 5/19/18 | $10,416.67 |
| 5/20/18 - 5/19/23 | $11,458.34 |
| 5/20/23 - 5/19/28 | $12,604.17 |
| 5/20/28 - 5/19/33 | $13,864.59 |

Page 5 of 5 – LEASE AMENDMENT

1102032
21064 E. Ocotillo
Queen Creek, AZ 85142

**EXHIBIT A**
**LEASE**

TO BE ATTACHED

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

AS AUTHORIZED AGENT

MIRIAM SHAPIRO, Trustee of the Miriam Shapiro Revocable Trust dated August 16, 1991, as amended and/or restated

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

**BUYER:**

STARCORP, LLC

By: _____
Name: _____
Title: _____

Page 4 of 5 – LEASE AMENDMENT

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Nebenzahl Family Trust** (the "**Landlord**"), and **Frontier Star 1, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

# RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of April 25, 2007 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1101874
2560 Rio Mesa Trail
Cottonwood, AZ 86320

4.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.    **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.   **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101874
2560 Rio Mesa Trail
Cottonwood, AZ 86320

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 51 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

NEBENZAHL FAMILY TRUST, as amended and/or restated

By: _Bernard Shehnfeld_

Name: _BERNARD B. NEBENZAHL_

Title: _Trustee_

**TENANT:**

FRONTIER STAR 1, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1101874
2560 Rio Mesa Trail
Cottonwood, AZ 86320

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date – 5/31/17 | $9,332.00 |
| 6/1/17 – 5/31/22 | $10,031.90 |
| 6/1/22 – 5/31/27 | $10,784.29 |
| 6/1/27 – 5/31/32 | $11,593.11 |

1101874
2560 Rio Mesa Trail
Cottonwood, AZ 86320

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Pamela Jane Rissling, an individual, and Perry Gordan Duncan, an individual, as tenants in common** (the "**Landlord**"), and **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease dated as of November 7, 2002 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals.** The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent.** Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **No Further Amendments.** Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1101482
1850 S. Country Club
Mesa, AZ 85210

4.　**No Representations.** Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.　**Severability.** A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.　**Counterparts; Electronic Signatures.** For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.　**Authority.** Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.　**Binding Nature Of Amendment; Approval.** Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.　**Capitalized Terms.** Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.　**Captions.** The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101482
1850 S. Country Club
Mesa, AZ 85210

Case 2:15-bk-09383-EPB　Doc 973-7　Filed 05/21/16　Entered 05/21/16 17:27:44
Desc Exhibit C-5　Page 55 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

PAMELA JANE RISSLING, AN INDIVIDUAL, AND PERRY GORDAN DUNCAN, AN INDIVIDUAL, AS TENANTS IN COMMON

_____
Pamela Jane Rissling

_____
Perry Gordan Duncan

**TENANT:**

FRONTIER STAR CJ, LLC

By:_____
Name: P. Gregg Curry
Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1101482
3850 S. Country Club
Mesa, AZ 85210

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $5,062.50 |
| Thereafter | As stated in Lease |

101482
1850 S. Country Club
Mesa, AZ 85210

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Paul T. Herron** and **Paula R. Herron, Trustees of the Herron Family 2003 Trust dated December 19, 2003** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

Page 1 of 4 – LEASE AMENDMENT

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 58 of 122

4.    **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.    **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.    **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503342
842 West Morton Avenue
Jacksonville, IL  62650

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

**TENANT:**

FRONTIER STAR, LLC

Paul T. Herron, Trustee of the Herron Family
2003 Trust Dated December 19, 2003, as
amended and/or restated

By: _____
Name: P. Gregg Curry
Title: Trustee

Paula R. Herron, Trustee of the Herron
Family 2003 Trust Dated December 19, 2003,
as amended and/or restated

# SCHEDULE 1

## TEMPORARY REDUCED MONTHLY BASE RENT

| TEMPORARY TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $4,730.58 |

After the Temporary Term described above, Tenant's Monthly Base Rent shall be as specified in the Lease.

1503342
842 West Morton Avenue
Jacksonville, IL  62650

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 16th day of May, 2016 (the "**Execution Date**"), by and between **Porwin, LLC** a Washington limited liability company (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

# RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of January 21, 2010 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

Page 1 of 4 – LEASE AMENDMENT

4.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.    **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.    **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment.

9.    **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.   **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1505757
3217 Clear Lake Ave.
Springfield, IL  62702

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

PORWIN, LLC

By:_____

Name:_____

Title:_____

**TENANT:**

FRONTIER STAR, LLC

By: _____

Name: P. Gregg Curry
Title: Trustee

1505757
3217 Clear Lake Ave.
Springfield, IL 62702

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

LANDLORD:

PORWIN, LLC

By: _Pei Shu Patrick Chen_

Name: _PEI SHU CHEN_

Title: _President_

TENANT:

FRONTIER STAR, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

NDMENT

1505757
3217 Clear Lake Ave
Springfield, IL 62702

P.S

# SCHEDULE 1

## MINIMUM MONTHLY RENT

| TERM | MINIMUM MONTHLY RENT |
|---|---|
| ORDER DATE – JAN 31, 2020 | $10,333.33 |
| FEB 1, 2020 – JAN 31, 2025 | $10,850.00 |
| FEB 1, 2025 – JAN 31, 2030 | $11,392.50 |
| ---------- | ------ |

Page 4 of 4 – LEASE AMENDMENT

1505757
3217 Clear Lake Ave.
Springfield, IL 62702

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Puccinelli Equities of Springfield, LLC,** a Delaware limited liability company (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1503511
1700 Wabash Ave.
Springfield, IL 62704

4.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.     **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by approving this Amendment.

9.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503511
1700 Wabash Ave.
Springfield, IL  62704

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

PUCCINELLI EQUITIES OF
SPRINGFIELD, LLC

By: _____

Name: *Richard Puccinelli*

Title: *PRESIDENT*

**TENANT:**

FRONTIER STAR, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1503511
1700 Wabash Ave.
Springfield, IL 62704

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 9/30/16 | $7,586.09 |
| 10/01/16 - 9/30/17 | $7,737.81 |
| 10/01/17 - 9/30/18 | $7,892.57 |
| 10/01/18 - 9/30/19 | $8,050.42 |
| 10/01/19 - 9/30/20 | $8,211.43 |
| 10/01/20 - 9/30/21 | $8,375.65 |
| 10/01/21 - 9/30/22 | $8,543.17 |
| 10/01/22 - 9/30/23 | $8,714.03 |
| 10/01/23 - 9/30/24 | $8,888.31 |
| 10/01/24 - 12/19/24 | $9,066.08 |

1503511
1700 Wabash Ave.
Springfield, IL 62704

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 70 of 122

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 1ⁿth day of May, 2016 (the "**Execution Date**"), by and between **Robert R. Hager**, an individual (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

# RECITALS:

A. Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of October 1, 2012 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B. Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C. The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D. Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

Page 1 of 4 – LEASE AMENDMENT

1102172
1635 N. Navajo Blvd
Holbrook, AZ 86025

4.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.     **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1102172
1635 N. Navajo Blvd
Holbrook, AZ 86025

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                      **TENANT:**

FRONTIER STAR CJ, LLC

_____        By: _____
Robert R. Hager, individually                  Name: P. Gregg Curry
                                                Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

1102172
1635 N. Navajo Blvd
Holbrook, AZ 86025

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|------|-------------------|
| Order Date – Sep, 30, 2017 | $6,600.00 |
| Oct 1, 2017  - Sep 30, 2022 | $6,930.00 |
| Oct 1, 2022  - Sep 30, 2027 | $7,276.50 |
| Oct 1, 2027  - Sep 30, 2032 | $7,640.33 |

Page 4 of 4 – LEASE AMENDMENT

1102172
1635 N. Navajo Blvd
Holbrook, AZ  86025

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this _____ day of May, 2016 (the "**Execution Date**"), by and between **Robert P. Wilson, Trustee of the Dean Reynolds Trust**, as amended and/or restated (the "**Landlord**"), **Frontier Star CJ, LLC**, a Delaware limited liability company, and its successors and assigns (the "**Tenant**"), and **Starcorp, LLC**, a Delaware limited liability company ("**Starcorp**") with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of June 1, 2011 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 5623 W. 1604 N., Alamo Ranch, San Antonio, Texas a/k/a Alamo Ranch, 1604 & Culebra, San Antonio, TX (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      With the consent of Landlord, on the Order Date, the Trustee also intends to assign its rights and obligations under the Lease to Starcorp.

E.      Starcorp has reviewed the terms of this Amendment to Lease, and upon assignment of the Lease to Starcorp, Starcorp shall be bound by all of the terms and all of Tenant's obligations under the Lease, including this Amendment to Lease.

F.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Amendment to Rent Obligations**. Notwithstanding any provisions to the contrary, beginning on the Order Date and continuing for twelve (12) months thereafter ("**Initial**

Page 1 of 4 – LEASE AMENDMENT

1101989
5623 W. 1604 N.
San Antonio, TX 78253

**Year"**), the Minimum Monthly Rent obligations under the Lease shall be replaced with the following percentage rent obligations:

      a.    **Percentage Rent**. On or before the tenth day of each month, Tenant shall pay percentage rent ("**Rent**") in an amount equal to eight percent (8%) of Tenant's "Gross Sales" (as defined below) for the preceding calendar month.

      b.    **Statement of Gross Sales**. On or before the tenth day of each month, Tenant shall deliver to Landlord a complete and correct statement showing in reasonable detail all Gross Sales for the immediately preceding calendar month. Simultaneously with the delivery of such statement, Tenant shall pay to Landlord the Rent required to be paid hereunder.

      c.    **Definition of Gross Sales**. The term "**Gross Sales**" shall include all money received by, or paid to, Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

    3.    **Tenant Payments**. Other than the modification to the Minimum Monthly Rent agreed herein, all other payments required to be paid by Tenant under the Lease shall continue in full force and effect, including without limitation: utilities, taxes, insurance, and all other Tenant payments listed in the Lease.

    4.    **Right to Terminate**. In the final months of the Initial Year, Landlord and Tenant shall negotiate in good faith regarding amending the amount of the Minimum Monthly Rent going forward for the remainder of the Lease Term. If the parties cannot agree on a negotiated Minimum Monthly Rent going forward, Tenant shall vacate the property at the end of the Initial Year. Upon Tenant vacating the property at the end of the Initial Year and having paid all amounts owing to Landlord through Tenant vacating the property: the Lease shall be null and void, and Landlord and Tenant shall not have any further obligation or liability to one another relating to the Lease. If Tenant holds-over on the Premises after the Initial Year: Section 2 of this Amendment shall have no effect, all terms in the Lease regarding Minimum Monthly Rent shall apply in full force, and Landlord may enforce all of its rights and remedies in the Lease.

    5.    **Assignment and Subletting**. Upon the occurrence of the Order Date, Landlord consents to Tenant assigning the entirety of its rights and obligations under the Lease to Starcorp. Except as provided herein, without Landlord's prior written consent (which consent shall not be unreasonably withheld or delayed), Tenant shall not assign the Lease or sublease the Premises or any part thereof, and any attempt to do any of the foregoing shall be automatically void and of no effect. Any such assignment or subletting shall not release Tenant from the responsibilities under this Lease and Amendment to Lease.

    6.    **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect,

1101989
5623 W. 1604 N.
San Antonio, TX 78253

unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

7.    **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

8.    **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

9.    **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

10.    **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

11.    **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

12.    **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

13.    **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101989
5623 W. 1604 N.
San Antonio, TX 78253

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

DEAN REYNOLDS TRUST

By: _____
Name: Robert P. Wilson
Title: Trustee of the Dean Reynolds Trust, as amended and/or restated

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

STARCORP, LLC

By: _____
Name: MATT LANGFIELD
Title: COO

Page 4 of 4 – LEASE AMENDMENT

# THIRD AMENDMENT TO LEASE

This THIRD AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Rossmore Enterprises**, a California corporation (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and MJKL Enterprises, LLC ("**MJKL**") previously entered into that certain Lease dated as of October 28, 2003 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      On or about July 1, 2010, MJKL and Landlord amended the Lease pursuant to that certain First Amendment of Lease dated as of the same date.

C.      On or about October 25, 2010, MJKL and the Landlord amended the Lease pursuant to that certain Second Amendment to Lease Agreement dated as of the same date.

D.      On or about February 1, 2012, MJKL purportedly assigned all of its rights and obligations in the Lease to Tenant, pursuant to that certain Assignment and Assumption of Lease Interest dated on the same date. Landlord did not release any of its rights against MJKL as part of this assignment of the Lease to Tenant.

E.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

F.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

G.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

1101078
3470 W. Bell Rd.
Phoenix, AZ 85023

2. **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3. **Insurance**. Notwithstanding any provisions to the contrary, beginning on the Order Date and continuing through the remaining Term of this Lease and any extensions thereof, Tenant agrees to name Landlord's Lender, if any, as an "additional insured" on its comprehensive general liability insurance policy as described in Paragraph 11.2 of this Lease, and, further, to name Landlord's Lender, if any, a "mortgagee" and "loss payee" on its blanket insurance policy covering the Improvements as described in Paragraph 11.3 of this Lease. Tenant further agrees to furnish Landlord and Landlord's Lender with a Certificate of Liability Insurance and Evidence of Property Insurance evidencing the foregoing coverages.

4. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

5. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption and assignment of the Lease as modified by this

1101078
3470 W. Bell Rd.
Phoenix, AZ 85023

Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment, and the assignment of the modified Lease to Starcorp CJ, LLC.

      10.    **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

      11.    **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101078
3470 W. Bell Rd.
Phoenix, AZ 85023

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 81 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

LANDLORD:                                        TENANT:

ROSSMORE ENTERPRISES                             FRONTIER STAR CJ, LLC

By: _____                    By: _____
Name: Philip Sirianni, Jr.                       Name: P. Gregg Curry
Title: President                                 Title: Trustee

Page 4 of 5 – LEASE AMENDMENT

# SCHEDULE 1

## MINIMUM MONTHLY RENT

| TERM | MINIMUM MONTHLY RENT |
|---|---|
| Order Date – 6/30/2020 | $10,894.34 |
| 7/1/2020 – 6/30/2025 | $12,201.66 |
| 7/1/2025 – 6/30/2030 | $13,665.86 |
| (1st Option) 7/1/2030 – 6/30/2035 | $15,305.76 |
| (2nd Option) 7/1/2035 – 6/30/2040 | $17,142.45 |
| (3rd Option) 7/1/2040 – 6/30/2045 | $19,199.54 |
| (4th Option) 7/1/2045 – 6/30/2050 | $21,503.49 |

1101078
3470 W. Bell Rd.
Phoenix, AZ 85023

PS

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Sajur LLC** an Arizona limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of  (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

Case 2:15-bk-09383-EPB   Doc 973-7   Filed 05/21/16   Entered 05/21/16 17:27:44   Desc Exhibit C-5   Page 84 of 122

1101997

3440 Stockton Hill Rd.
Kingman, AZ 86401

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101997

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

SAJUR LLC

By: _Ahmad Saeed Khan_
Name: **AHMAD S KHAN**
Title: _Member_

**TENANT:**

FRONTIER STAR CJ, LLC

By: _P. Gregg Curry_
Name: P. Gregg Curry
Title: Trustee

1101997

3440 Stockton Hill Rd
Kingman, AZ 86401

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $6.666.67 |
| Thereafter | As stated in Lease |



Page 4 of 4 – LEASE AMENDMENT

110199

3440 Stockton Hill Rc
Kingman, AZ 8640

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 87 of 122

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 18th day of May, 2016 (the "**Execution Date**"), by and between Scott D. Patterson Property Management (the "**Landlord**"), and **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

# RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of close of escrow, January 5, 2012 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein and located at 85 E. Germann Rd., Gilbert, AZ85297(the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**").  P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

# AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly rent ("**Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Rent shall be prorated for such month.  All past due rent, property taxes, privilege tax and late fees will be paid on or before May 20, 2016 in the amount of $1,479.17.

3.     **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.  If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

Page 1 of 4 — LEASE AMENDMENT

4.   **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.   **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.   **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.   **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.   **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court by the Court approving the assumption of the Lease as modified by this Amendment.

9.   **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.   **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

11.   **May 2016 rent.**.  This agreement is contingent on Starcorp, LLC bringing current May 2016 rent and late charges via wire on or before May 20, 2016 in the amount of $15,966.67.

[signatures on next page]

1101609
85 E. Germann Rd.
Gilbert, AZ 85297

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

By: _____

Name: Scott D. Patterson

Title: Owner

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name:: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

# SCHEDULE 1

## MONTHLY RENT

| TERM | MONTHLY RENT |
|------|--------------|
| Order Date - 12/31/16 | $8,333.33 * |
| 1/1/17 - 12/31/21 | $8,958.33 * |
| 1/1/22 - 12/31/26 | $9,630.20 * |
| 1/1/27 - 12/31/31 | $10,352.47 * |

*Plus 8% of annual gross sales over $1,250,000 calculated annually and due upon presentation of invoice. Sales to be provided by Tenant, subject to verification by Franchisor, on or before January 31, of each year.

**Definition of Gross Sales. The term "Gross Sales" shall include money received by, or paid to, Tenant in connection with the business conducted by it on the Premises, less any sales taxes or excise taxes based upon sales price collected from customers and for which Tenant is accountable to any government or governmental agency, less the amount of any actual refunds or credits made by Tenant on returnable merchandise, and less the amounts paid or payable to any firm or person for the use of any credit system or credit card service.

Page 4 of 4 – LEASE AMENDMENT

1101609
85 E. Germann Rd.
Gilbert, AZ 85297

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **SJFT, LLC**, an Arizona limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC**, a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Shopping Center Ground Lease dated as of May 25, 2001 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1101453
9360 W. Northern Ave.
Peoria, AZ 85345

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1101453
9360 W. Northern Ave.
Peoria, AZ 85345

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 93 of 122

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

SJFT, LLC

By: _Yih Guang Jan_

Name: _Yih Guang Jan_

Title: _Managing Partner_

5/15/2016

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

Case 2:15-bk-09383-EPB    Doc 973-7    Filed 05/21/16    Entered 05/21/16 17:27:44
Desc Exhibit C-5    Page 94 of 122

## SCHEDULE 1

### MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $4,442.67 |
| 9/1/2016 to end of Lease | As stated in Lease |

Page 4 of 4 – LEASE AMENDMENT

1101453
9360 W. Northern Ave.
Peoria, AZ 85345

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Star South Enterprise, LLC**, an Arizona limited liability company (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of October 18, 2007, as amended by First Amendment to Lease Agreement dated as of October 14, 2010 (the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **Insurance**. On or before the Order Date, Tenant shall provide Landlord with evidence of insurance as required pursuant to Section 3.04 of the Lease.

4.      **Notices**. Tenant hereby updates its notice address pursuant to Section 6.04 of the Lease, to the following address, notice party name, telephone, fax and email: Starcorp CJ, LLC, 337 N. 4th Ave., Phoenix, AZ 85003, email: eric.lester@wanho.com, fax: (480) 386-9776.

Page 1 of 4 – LEASE AMENDMENT

1101599
5040 W. Baseline Rd.
Laveen, AZ  85339

53164970.4

5. **Estoppel**. Tenant acknowledges that the Lease is in full force and effect and has not been modified, supplemented or amended in any way except as set forth herein. All conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed. There are no existing defenses or offsets; except as set forth in the next sentence, Tenant is not in default in the payment of rent or any of the other obligations required of Tenant under this Lease. Tenant is in arrearages in the sum of $26,381.92, which sum shall be paid upon the assignment and assumption of the Lease or at such other time as shall be approved by Landlord, and is obligated to pay all common area maintenance charges applicable to the Premises.

6. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

7. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

8. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

9. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

10. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

11. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

12. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

13. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

1101599
5040 W. Baseline Rd.
Laveen, AZ 85339

53164970.4

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

STAR SOUTH ENTERPRISE, LLC

By: _Mona L Kelly_

Name: _Mona L Kelly_

Title: _Managing Partner_

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____

Name: R. Gregg Curry

Title: Trustee

Page 3 of 4 – LEASE AMENDMENT

53164970.4

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 11/28/17 | $8,820.00 |
| 11/29/17 - 11/28/22 | $9,239.99 |
| 11/29/22 - 11/30/27 | $9,660.00 |

Page 4 of 4 – LEASE AMENDMENT

1101599
5040 W. Baseline Rd.
Laveen, AZ 85339

53164970.4

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **Tanklage Family Partnership** (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease Agreement dated as of June 4, 2009 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein, and located at 1083 S. Cotton Lane, Goodyear, AZ 85338 (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Minimum Monthly Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay minimum monthly rent ("**Minimum Monthly Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference, and such obligations shall replace all Minimum Monthly Rent obligations in the Lease. If the Order Date falls on a date other than a scheduled payment date, the Minimum Monthly Rent shall be prorated for such month.

3.      **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified. If any provisions of the Lease conflict with provisions of this Amendment, this Amendment shall control.

1102173
1083 S. Cotton Lane
Goodyear, AZ 85338

4. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving the assumption and assignment of the Lease as modified by this Amendment.

9. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1102173
1083 S. Cotton Lane
Goodyear, AZ 85338

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                    **TENANT:**

TANKLAGE FAMILY PARTNERSHIP                       FRONTIER STAR CJ, LLC
A California Limited Partnership

By Tanklage Properties, Inc
By: _A California Corporation & General Ptr_

Name: _Carole Tanklage_                           By: _____
                                                  Name: P. Gregg Curry
Title: _President_                                Title: Trustee

1102173
1083 S. Cotton Lane
Goodyear, AZ 85338

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 6/4/19 | $10,864.00 |
| 6/5/19 to end of Lease | As stated in Lease |

1102173
1083 S. Cotton Lane
Goodyear, AZ 85338

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **The Fairfield Homes Title Holding Company, Inc.,** a California corporation (the "**Landlord**"), and **Frontier Star CJ, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A. Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease dated as of November 1, 2005 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B. Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C. The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D. Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1. **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2. **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3. **Estoppel; Cure of Prior Defaults**. Landlord and Tenant acknowledge that the Lease is in full force and effect and has not been modified, supplemented, or amended in any way except as set forth herein. Tenant agrees that all conditions and agreements under the Lease to be performed by Landlord have been satisfied or performed. There are no existing defenses or offsets; except for the non-payment of rent Tenant is not in default of any of the other obligations

Page 1 of 5 – LEASE AMENDMENT

1101087
2343 E. Bell Rd.
Phoenix, AZ 85022

required of Tenant under this Lease. Landlord and Tenant acknowledge that Tenant is in arrearage of payment of rent. Upon the assignment and assumption of the Lease, Landlord shall receive the arrearage or other such other amount necessary to cure the Lease as Landlord is legally entitled to and is approved by the Court. Subject to the terms of an Assignment and Assumption Agreement and to the terms of this Amendment, including payment of the appropriate cure amount, Landlord will agree to Tenant's assignment of the Lease to Starcorp CJ, LLC in the Bankruptcy Case.

4. **No Waiver**. Neither this Amendment nor any assignment of the Lease shalkl result in a waiver of Landlord's right to pursue its legal remedies, if any, against the guarantor of the Lease.

5. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

6. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

7. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

8. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

9. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

10. **Binding Nature Of Amendment; Approval**. Subject only to entry of an Order by the Court within sixty (60) calendar days of the execution of this Amendment approving the assumption of the Lease as modified by this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek an Order by the Court by the Court approving this Amendment.

11. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

Page 2 of 5 – LEASE AMENDMENT

1101087
2343 E. Bell Rd.
Phoenix, AZ 85022

12.  **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.


[signatures on next page]

1101087
2343 E. Bell Rd.
Phoenix, AZ  85022

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

THE FAIRFIELD HOMES TITLE
HOLDING COMPANY, INC.

By: _____

Name: _Douglass A. Vance_____

Title:_ Vice President_____

**TENANT:**

FRONTIER STAR CJ, LLC

By: _____
Name: P. Gregg Curry
Title: Trustee

Page 4 of 5 – LEASE AMENDMENT

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| Order Date - 3/31/20 | $8,240.39 |
| 4/1/20 – 3/31/25 | Increase per section 2(e) of the lease |

Page 5 of 5 – LEASE AMENDMENT

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 11th day of May, 2016 (the "**Execution Date**"), by and between **The Gary L. Johnson & Geraldine C. Johnson Trust** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.     Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Net Lease dated as of September 29, 2006 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.     Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.     The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.     Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.     **Recitals**. The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.     **Base Rent**. Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference. If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.     **Property Tax Impound Payments**. Notwithstanding any provision to the contrary, on the first day of the calendar month following the Order Date, Tenant shall prepay real property tax impound payments, as set forth on **Schedule 1**.

1503653
454 North Broad Street
Carlinville, IL 62626

4. **No Further Amendments**. Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

5. **No Representations**. Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

6. **Severability**. A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

7. **Counterparts; Electronic Signatures**. For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument. Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

8. **Authority**. Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

9. **Binding Nature Of Amendment; Approval**. Subject to 1) entry of an Order by the Court approving this Amendment and 2) entry of an order in the Bankruptcy Case approving Tenant's assumption and assignment of the Lease, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties. The Trustee will promptly seek entry of an Order by the Court by the Court approving this Amendment and the assumption and assignment of the lease.

10. **Capitalized Terms**. Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

11. **Captions**. The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503653
454 North Broad Street
Carlinville, IL 62626

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**                                          **TENANT:**

THE GARY L. JOHNSON & GERALDINE C.        FRONTIER STAR, LLC
JOHNSON TRUST

*Gary L. Johnson Trustee*

By: *Geraldine C. Johnson, Trustee*                By: *P. Gregg Curry*
      *DH*

Name: GARY L. JOHNSON + GERALDINE C. JOHNSON TRUST
        DATED JAN 5, 1972                  Name: P. Gregg Curry

Title: OWNERS + TRUSTEES                        Title: Trustee

1503653
454 North Broad Street
Carlinville, IL 62626

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $3,589.36 |
| 9/1/2016 to end of Lease | As stated in Lease |

## PROPERTY TAX IMPOUND

Upon assumption of the Lease in the Bankruptcy Case, Tenant or his assignee shall prepay three monthly property tax impound payments, in a total amount of $2,153.67. Following this prepayment, Tenant would not be required to pay monthly property tax impound payments until September of 2016.

1503653
454 North Broad Street
Carlinville, IL 62626

# AMENDMENT TO LEASE

This AMENDMENT TO LEASE (the "**Amendment**") is made and entered into effective as of this 19th day of May, 2016 (the "**Execution Date**"), by and between **Wen Lung Chow & Alice J. Yu, LLC, individuals** (the "**Landlord**"), and **Frontier Star, LLC,** a Delaware limited liability company (the "**Tenant**"), with reference to the following Recitals:

## RECITALS:

A.      Landlord and Tenant, or their respective predecessors-in-interest, previously entered into that certain Lease for the property located at 600 West Jefferson St, Springfield, IL 62702 (as amended, modified, and supplemented, the "**Lease**"), for the lease by Landlord to Tenant of the premises described therein (the "**Premises**").

B.      Tenant is one of four chapter 11 debtors in a bankruptcy case pending in the Bankruptcy Court for the District of Arizona ("**Court**") as Case No. 2:15-bk-09383-EPB (the "**Bankruptcy Case**"). P. Gregg Curry is the duly-appointed trustee ("**Trustee**") in the Bankruptcy Case.

C.      The Trustee has the authority to bind Tenant to the Amendment, subject only to entry of an Order by the Court in the Bankruptcy Case ("**Order Date**").

D.      Landlord and Tenant now desire to amend the Lease upon the terms and conditions as hereinafter set forth:

## AGREEMENT:

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the mutual covenants and conditions contained herein, the parties hereto, intending to be legally bound, agree as follows:

1.      **Recitals**.  The foregoing recitals are hereby affirmed by the parties as true and correct and are incorporated herein by this reference.

2.      **Base Rent**.  Notwithstanding any provisions to the contrary, beginning on the Order Date, Tenant shall pay monthly base rent ("**Base Rent**") for the Premises as set forth on **Schedule 1** attached hereto and incorporated herein by this reference.  If the Order Date falls on a date other than a scheduled payment date, the Base Rent shall be prorated for such month.

3.      **No Further Amendments**.  Except as specifically modified, or amended herein, all of the remaining terms and conditions of the Lease shall remain in full force and effect, unchanged and unmodified.

1503978
600 W. Jefferson St
Springfield, IL 62702

4.     **No Representations**.  Landlord and Landlord's agents have made no representations, warranties or promises, express or implied, in connection with this Amendment except as expressly set forth herein.

5.     **Severability**.  A determination that any provision of this Amendment is unenforceable or invalid shall not affect the enforceability or validity of any other provision hereof and any determination that the application of any provision of this Amendment to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

6.     **Counterparts; Electronic Signatures**.  For the convenience of the parties, this Amendment may be executed in one or more counterparts and each executed counterpart shall, for all purposes, be deemed an original, and shall have the same force and effect as an original but all of which in the aggregate shall constitute but one and the same instrument.  Signatures delivered by the parties via facsimile, portable document format (.pdf) via electronic mail, or other electronic form shall be deemed to be original signatures.

7.     **Authority**.  Each party hereby represents and warrants to the other party that this Amendment has been duly authorized, executed and delivered by and on behalf of said party and constitutes the legal, valid, and binding agreement of said party in accordance with the terms hereof.

8.     **Binding Nature Of Amendment; Approval**.  Subject only to entry of an Order by the Court approving this Amendment, this Amendment will be binding on the parties and their respective successors and assigns upon execution by both parties.  The Trustee will promptly seek an Order by the Court approving this Amendment.

9.     **Capitalized Terms**.  Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to such terms as set forth in the Lease.

10.     **Captions**.  The Captions or headings herein are for convenience only and in no way define, limit or describe the scope or intent of any provision or section of this Amendment.

[signatures on next page]

1503978
600 W. Jefferson St
Springfield, IL 62702

IN WITNESS WHEREOF, this Amendment is executed by the parties to be effective as of the day and year first written above.

**LANDLORD:**

Weh-Lung Chen
& Alice J. Yu (Wife)

By: _____

Name: _____

Title: _Owner_

See Power-of-Attorney
for Alice Yu.

**TENANT:**

FRONTIER STAR, LLC

By: _____

Name: P. Gregg Curry

Title: Trustee

1503978
600 W. Jefferson St
Springfield, IL 62792

Case 2:15-bk-09383-EPB   Doc 973-7   Filed 05/21/16   Entered 05/21/16 17:27:44
Desc Exhibit C-5   Page 115 of 122

# SCHEDULE 1

## MONTHLY BASE RENT

| TERM | MONTHLY BASE RENT |
|---|---|
| 6/1/2016 – 8/31/2016 | $4,730.58 |
| 9/1/2016 to end of Lease | As stated in Lease |

1503978
600 W. Jefferson St
Springfield, IL 62702



**Exhibit D**

Buyer's Adequate Assurances of Future Performance

(attached)

800530.2/0392946

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

# STARCORP, LLC
# ADEQUATE ASSURANCE PACKAGE

March 9, 2016

---

**CONTENTS:**
- Part I:  Sale Process – Adequate Assurance
- Part II:  Information about Starcorp, LLC
- Part II:  Financial Information

**DISCLAIMER REGARDING FORWARD-LOOKING STATEMENTS:**

This presentation contains forward-looking statements about Starcorp, LLC ("Starcorp," or the "Buyer"). These forward-looking statements are based on confidential data received from the Debtors (defined below) and Buyer's lender. As with any projection or forecast, they are inherently susceptible to uncertainty and changes in circumstances. Actual results may vary materially from those expressed or implied in these forward-looking statements. Important factors that could cause Buyer's actual results to differ materially from those in these forward-looking statements include government regulation, economic, strategic, political, and social conditions. Any forward-looking statements made herein speak only as of the date on which they are made; Buyer is under no obligation to, and expressly disclaims any obligation to, update or alter these forward-looking statements, whether as a result of new information, subsequent events or otherwise.

## PART I: SALE PROCESS – ADEQUATE ASSURANCE

- On July 27, 2015, Frontier Star, LLC, a Delaware limited liability company ("FS"), filed a petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the U.S. Bankruptcy Court for the District of Arizona Case (the "Bankruptcy Court") Case Number 15-9383 (the "FS Case").

- On July 27, 2015, Frontier Star CJ, LLC, a Delaware limited liability company ("FSCJ"), filed a petition for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Court Case Number 15-9385 (the "FSCJ Case").

- On August 13, 2015, the Bankruptcy Court entered the Order Granting Debtor's Motion for Joint Administration of Pending Bankruptcy Cases [FS Case, Docket No. 50], causing the joint administration of the FS Case and the FSCJ Case, with all filings in the Bankruptcy Cases to be made in the FS Case.

- On November 17, 2015, Frontier Star 1, LLC, a Delaware limited liability company ("FS1"), filed a petition for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Court Case Number 15-14679 (the "FS1 Case").

- On November 17, 2015, MIH Admin Services, LLC, an Arizona limited liability company ("MIH"), filed a petition for relief under Chapter 11 of the Bankruptcy Code, Bankruptcy Court Case Number 15-14683 (the "MIH Case").

- On November 19, 2015, the Bankruptcy Court entered Orders in the FS1 Case and the MIH Case, indicating that the FS1 Case and the MIH Case would be jointly administered with the FS Case and the FSCJ Case, with all filings in the Bankruptcy Cases to be made in the FS Case. FS, FSCJ, FS1 and MIH are collectively referred to herein as the "Debtors," and the FS Case, the FSCJ Case, the FS1 Case and the MIH Case are collectively referred to as the "Bankruptcy Cases." The Honorable Eddward P. Ballinger, Jr. is the presiding judge in the Bankruptcy Cases.

- On November 18, 2015, the Bankruptcy Court entered the Order Approving Appointment of P. Gregg Curry as Chapter 11 Trustee ("Trustee") for the Bankruptcy Cases [Dkt. 428].

- The Debtors are affiliated companies engaged in the ownership and operation of franchised restaurant businesses (the "Business") operated under the Carl's Jr. and Hardee's brands.

- FS and FSCJ have franchise agreements (collectively, the "Franchise Agreements") with Hardee's Restaurants LLC and Carl's Jr. Restaurants LLC (collectively, the "Franchisors").

- The Trustee has determined that selling substantially all of the Debtor's assets will maximize and preserve the value of the Business. The Debtors and Starcorp have entered into that certain Purchase and Sale Agreement dated February 29, 2016, as amended on March 7, 2016, and as further amended on March 8, 2016 (the "PSA"), which provides for the sale of substantially all of the Debtors' assets to Buyer for $40,000,000 in cash consideration at closing, plus Starcorp's assumption of certain designated contracts and liabilities.

- On March 1, 2016, the Trustee filed the Motion For Approval of Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests [Dkt. 752] (the "Sale Motion"), and the Motion for Order (A) Approving Bidding Procedures for the Sale of Substantially All of Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, and (C) Approving Expense Reimbursement [Dkt. 753] (the "Bidding Procedures Motion"). The Sale Motion and the Bidding Procedures Motion designated Buyer as the Stalking Horse Bidder for the sale of substantially all of the Debtors' assets related to the Business.

- Subsequent to the filing of the Sale Motion and the Bidding Procedures Motion, the Trustee filed the Motion for Approval of Settlement and Compromise Between Trustee and Western Alliance Bank [Dkt. 777] (the "Settlement Motion"). Among other things, the Settlement Motion changed the proposed sale from an auction process to a private sale to Buyer, subject to approval by the Bankruptcy Court.

- Pursuant to the terms of the PSA, as amended, Buyer is acquiring the designation rights held by the Debtors, and will have until May 21, 2016, to assume and assign certain executory contracts and unexpired leases, including franchise agreements with the Franchisors, and including non-residential real property leases for numerous franchise restaurant locations. Buyer intends to reject leases for stores that are not operating at profitable levels, unless certain rent concessions can be obtained to improve the profitability of the respective stores.

- As the proposed Buyer for the sale of the Debtors' assets, Starcorp, LLC is providing the information in this adequate assurance package to the Debtors and counterparties to executory contracts and unexpired leases, as well as counterparties to certain designated secured financing agreements.

## PART II: ABOUT STARCORP, LLC

- Starcorp will operate the Business through two wholly-owned subsidiaries: Starcorp HD, LLC, and Starcorp, CJ, LLC. Starcorp, LLC, Starcorp HD, LLC and Starcorp CJ, LLC were organized as limited liabilities companies under Delaware law on November 10, 2015. Starcorp, Starcorp HD, LLC and Starcorp CJ, LLC are collectively referred to as the "Starcorp Group." The Starcorp Group organizational structure is shown in Figure 1, below.

- The Starcorp Group has no operating history and was formed as a special purpose vehicle for purposes of acquiring the Debtors' assets. Starcorp is wholly owned by Eric Lester, who will act as Starcorp's CEO. The day-to-day operations of the Starcorp Group will be managed by an operations team led by Dave Glodowski. Mr. Glodowski is a long-time Hardee's franchise operator, and is a former board member of the IHFA (Independent Hardee's Franchisee Association) and CFA (Coalition of Franchisee Associations). Mr. Glodowski is a well-respected operator in the franchise restaurant industry, and is approved by Franchisors to lead Starcorp's operations team.

- Eric Lester is an individual residing in the State of Nevada. Mr. Lester is a business owner, and he and his family members are the landlords for several franchise restaurants operated by the Debtors. Mr. Lester is also a member of FS1.

- The purpose of this presentation is to provide counterparties to executory contracts and lessors under unexpired leases with "adequate assurance" of the Starcorp Group's ability to perform obligations under contracts and leases to be assumed and assigned by the Debtors.

- The Starcorp Group has secured a commitment for $38,000,000 of financing from Western Alliance Bank, which consists of one $25,000,000 term loan, and a non-revolving line of credit of up to $13,000,000. The entire term loan, an initial advance of $9,000,000 from the line of credit, and at least $7,000,000 contributed from Eric Lester, will provide the funds to complete the acquisition of the Debtors' assets, as designated in the PSA. Eric Lester will also contribute $2,000,000 in cash to Starcorp as needed.

- As of immediately prior to Closing, the Starcorp Group will be capitalized with between $45,000,000 and $47,000,000 of cash, including financing secured by the acquired assets, which shall be sufficient to (i) satisfy assumed liabilities that are to be paid at the Closing, (ii) satisfy other obligations to be paid at or after the Closing in connection with the operation of the Business, including amounts owed to key vendors and counterparties, and (iii) provide necessary working capital for business operations.

- After closing the acquisition of the Debtors' designated assets, the Starcorp Group anticipates having over $2,000,000 in cash, as well as $4,000,000 of remaining availability under the line of credit to provide working capital to operate its business. The Starcorp Group will have sufficient capital to continue the operations of the Business, including in connection with the contracts and leases to be assumed and assigned under the PSA, consistent with Starcorp's objectives.

- Starcorp expects to generate over $8,260,000 in pro forma cash flow from operations in 2016, less projected capital expenditures.



*Figure 1 – Starcorp Group Organizational Structure:*

## PART III - FINANCIAL INFORMATION

| Purchase Price Sources | |
|---|---|
| *($ in millions)* | |
| <u>Purchase Price Sources</u> | |
| Amount | |
| 1st Term Loan | $25.0 |
| Line of Credit | $13.0 |
| Equity Contribution | $9.0 |
| **Total Purchase Price Sources:** | **$47.0** |

| Capital Structure and Credit Metrics | |
|---|---|
| *\*Assumes March 31, 2016 closing* | |
| *($ in millions)* | |
| Cash | $2.0 |
| Available Line of Credit | $4.0 |
| **<u>Debt Outstanding</u>** | |
| 1st Term Loan: | $25.0 |
| Line of Credit: | $9.0 |
| Equipment Loans[1]: | $1.3 |
| Other: | $1.5 |
| *Total Debt*: | $36.8 |
| Proj. 2016 EBITDA[2]: | $8.3+ |
| (Debt – Cash)/Proj. EBITDA | 4.2x |

### LOC Availability Analysis

- Starcorp, LLC has a commitment for a $13,000,000 line of credit from Western Alliance Bank
- At closing, an initial advance of $9,000,000 will be used to acquire the Debtors' assets
- Per current estimates, Starcorp, LLC will have ~$4mm of LOC availability after funding and closing the purchase of the Debtors' assets, and will also have ~$2M in cash available.

**CONTACT INFORMATION**

To request additional information from Starcorp, LLC, contact:

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0508
Fax: (503) 417-0501
Email: nhenderson@portlaw.com

---

[1] Assumes maximum amount of equipment loans that could be assumed by Buyer.
[2] Based on Debtors' 2015 financial performance, adjusted to account for changes in rent, and store closures.