SO ORDERED.

Dated: June 15, 2016

**Eddward P. Ballinger Jr., Bankruptcy Judge**

# IN THE UNITED STATES BANKRUTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>FRONTIER STAR CJ, LLC<br><br>                        Debtors.<br>_____<br><br>This filing applies to:<br><br>☒   ALL DEBTORS<br><br>☐   SPECIFIED DEBTOR | Chapter 11<br><br>Case Nos.  2:15-bk-09383-EPB<br>                      2:15-bk-09385-EPB<br>                      2:15-bk-14679-EPB<br>                      2:15-bk-15682-EPB<br><br>Jointly Administered Under<br>Case No. 2:15-bk-09383-EPB<br><br>**ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF A CERTAIN LEASE** |

This matter came before the Court pursuant to the Chapter 11 Trustee's *Fourth Omnibus Motion for Authority to Assume and Assign Certain Leases of the Debtors* [Docket No. 922] ("Lease Motion") and pursuant to this Court's *Order Authorizing and Approving the Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and Granting Related Relief* [Docket No. 888] ("Sale Order"). An Objection to the Lease Motion [Docket No. 947] was filed by Eital Properties, LLC ("Eital"), which Objection is resolved by this Order, which has been approved by counsel for the Landlord. This Order has also been approved by counsel for Starcorp, LLC ("Buyer"), which was granted certain lease designation rights pursuant to the Sale Order.

1

The Court has considered the entire record in this matter, and based on the entire record before the Court, the Court hereby finds as follows:

A. The findings and conclusions set forth herein (and any findings and conclusions stated by the Court at any hearing regarding the Sale Order) constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent that any of the findings of fact constitute conclusions of law; they are adopted as such.

C. On November 18, 2015, this Court appointed P. Gregg Curry ("Trustee") as the Chapter 11 Trustee for these bankruptcy cases and estates.

D. Pursuant to the Sale Order and the Lease Motion, the Buyer has designated the following lease *inter alia* for assumption and assignment:

    1) Ground Lease Agreement dated July 28, 1999, as amended, modified, supplemented and assigned between Eital, as successor-in-interest, and Frontier Star CJ, LLC, as successor-in-interest, for the premises known as 7610 West Thomas Road, Phoenix, Arizona 85033.

E. Notice of the relief requested by the Lease Motion was duly served on creditors and interested parties, which the Court finds to be sufficient notice in the particular circumstances.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Lease Motion is granted as provided in this Order.

2. The Trustee is hereby authorized to assume the Eital Ground Lease ("Lease") and to assign the Lease to Starcorp CJ, LLC, a Delaware limited liability company ("Lease Assignee"), which has been designated by the Buyer to be the assignee of the Lease.

3. Within 15 days of the entry of this Order, the Trustee shall pay directly to the Landlord the required cure amount and compensation for pecuniary loss pursuant to 11 U.S.C.

2

Case 2:15-bk-09383-EPB    Doc 1018    Filed 06/15/16    Entered 06/15/16 14:48:03    Desc
Main Document    Page 2 of 4

§ 365(b)(1), which represents all accrued and unpaid amounts due under the Leases as of April 30, 2016 in the amount of $24,572.27 ("Cure Amount").

4. The Debtors, their respective bankruptcy estates, and the Trustee shall be, and hereby are, relieved from liability for any breach of any of the Lease occurring on or after May 1, 2016, pursuant to 11 U.S.C. § 365(k).

5. The Buyer and Lease Assignee have provided adequate assurance of future performance for the Leases within the meaning of 11 U.S.C. § 365(b)(1)(C), 365(b)(3) and 365(f)(2)(B).

6. The Lease Assignee shall be deemed to be substituted as the Lessee under the Lease effective as of May 1, 2016.

7. The Lease Assignee shall operate a Carl's Jr. restaurant on the premises that are the subject of the Lease and shall comply with the restrictions on use, radius, location and/or exclusivity that are contained in the Lease.

8. Notwithstanding anything to the contrary in this Order, the Lease Assignee shall have both the benefits and the burdens under the Lease, including those burdens which have accrued as of May 1, 2016, but are not yet due under the terms of the Lease (and thus are not yet payable as part of the Cure Amount pursuant to 11 U.S.C. § 365(b)(1)(A)), including, but not limited to: (a) any adjustments or reconciliations (including any year-end adjustments or reconciliations) with respect to common area maintenance, insurance, taxes and other charges and expenses that become due under the Lease; (b) any and all property taxes due and payable under the Lease; and (c) any indemnification obligations that become due under the Lease.

9. Except to the extent otherwise set forth herein, all provisions of the Sale Order regarding the assumption and assignment of Lease shall apply as though fully set forth herein and as though the Lease was an Assigned Contract, as that term is used in the Sale Order.

10. Notwithstanding the stay provisions of Bankruptcy Rule 6006(d), this Order shall be effective and enforceable immediately upon its entry, and its provisions shall be self-executing.

3

DATED AND SIGNED ABOVE BY:
EDDWARD P. BALLINGER, JR.
UNITED STATES BANKRUPTCY JUDGE

APPROVED:

**GILBERT BIRD LAW FIRM, PC**

By: /s/ Ryan J. Bird
Ryan J. Bird
*Attorneys for HVTC, LLC and*
*Gilbert-Chandler Heights I, LLC*

**MOTSCHENBACHER & BLATTNER, LLP**

By: /s/ Nicholas J. Henderson
Nicholas J. Henderson
*Attorneys for Buyer and Lease Assignee*

**BRYAN CAVE, LLP**

By: /s/ Amanda L. Cartwright
Amanda L. Cartwright
*Attorneys for the Trustee*