SO ORDERED.

Dated: June 15, 2016

Eddward P. Ballinger Jr., Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| FRONTIER STAR, LLC, ■<br>FRONTIER STAR CJ, LLC, ■<br><br>Debtors. | Case No. 2:15-bk-09383-EPB<br>Case No. 2:15-bk-09385-EPB<br>(Jointly Administered) |
| This filing applies to:<br><br>☐ All Debtors<br>■ Specified Debtors | ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASE<br><br>(1220 N. 75th Avenue [75th & Cactus], Peoria, AZ) |

This matter came before the Court pursuant to the Chapter 11 Trustee's *Fifth Omnibus Motion for Authority to Assume and Assign Certain Leases of the Debtors* [Dkt#973] ("**Lease Motion**") and pursuant to this Court's *Order Authorizing and Approving the Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and Granting Related Relief* [Dkt#888] ("**Sale Order**"). No objections to the Lease Motion have been filed. This Order has been approved by LDR-Cactus, LLC ("**Landlord**"), and by Starcorp, LLC ("**Buyer**") which was granted certain lease designation rights pursuant to the Sale Order.

The Court has considered the entire record in this matter, and based on the entire record before the Court, the Court hereby finds as follows:

1. The findings and conclusions set forth herein (and any findings and conclusions stated by the Court at any hearing regarding the Sale Order) constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such.

3. On November 18, 2015, this Court appointed P. Gregg Curry ("**Trustee**") as the Chapter 11 Trustee for these bankruptcy cases and estates.

4. Pursuant to the Sale Order and the Lease Motion, the Buyer has designated the following lease *inter alia* for assumption and assignment:

- Peoria Marketplace Ground Lease dated as of October 19, 2001 (as amended, modified, and supplemented) for the lease by Landlord to MJKL Enterprises, LLC ("**MJKL**") of the premises located at 12110 N. 75th Ave. in Peoria, Arizona (the "**Lease**") and which was assigned by MJKL to Frontier Star CJ, LLC.

5. Notice of the relief requested by the Lease Motion was duly served on creditors and interested parties, which the Court finds to be sufficient notice in the particular circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

6. The Lease Motion is granted as it pertains to the Lease as provided in this Order.

7. The Trustee is hereby authorized to assume the Lease and to assign the Lease to Starcorp CJ, LLC, a Delaware limited liability company ("**Lease Assignee**"), which has been designated by the Buyer to be the assignee of the Lease.

8. Within 15 days of the entry of this Order, Landlord shall be paid the following amounts as the required cure amounts and compensation for pecuniary loss pursuant to 11 U.S.C. § 365(b)(1), which represents the accrued and unpaid amounts due to Landlord under the Lease as of May 31, 2016 ("**Cure Amounts**"):

- The Trustee shall pay the sum of $11,110.59; and
- Lease Assignee shall pay the sum of $3,339.23.

9. The Debtors, their respective bankruptcy estates, and the Trustee shall be, and

hereby are, relieved from liability for any breach of any of the Lease occurring on or after May 31, 2016, pursuant to 11 U.S.C. § 365(k).

10. The Buyer and Lease Assignee have provided adequate assurance of future performance for the Leases within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3), and 365(f)(2)(B).

11. The Lease Assignee shall be deemed to be substituted as the Lessee under the Lease effective as of June 1, 2016.

12. The Lease Assignee shall operate a Carl's Jr. restaurant on the premises that is the subject of the Lease and shall comply with the restrictions on use, radius, location, and/or exclusivity that are contained in the Lease.

13. Notwithstanding anything to the contrary in this Order, the Lease Assignee shall have both the benefits and the burdens under the Lease, including those burdens which have accrued as of June 1, 2016, but are not yet due under the terms of the Lease (and thus are not yet payable as part of the Cure Amounts pursuant to 11 U.S.C. § 365(b)(1)(A)), including, but not limited to: (a) any adjustments or reconciliations (including any year-end adjustments or reconciliations) in respect of common area maintenance, insurance, taxes, and other charges and expenses that become due under the Lease; (b) any and all property taxes due and payable under the Lease; and (c) any indemnification obligations that become due under the Lease.

14. Except to the extent otherwise set forth herein, all provisions of the Sale Order regarding the assumption and assignment of Lease shall apply as though fully set forth herein and as though the Lease was an Assigned Contracts as that term is used in the Sale Order.

15. Notwithstanding the stay provisions of Bankruptcy Rule 6006(d), this Order shall be effective and enforceable immediately upon its entry and its provisions shall be self-executing.

DATED AND SIGNED ABOVE.

APPROVED:

| | |
|---|---|
| 1 | BURCH & CRACCHIOLO, P.A. |
| 2 | By: /s/ Alan A. Meda (AZ#009213) |
| 3 | Alan A. Meda<br>*Attorneys for LDR-Cactus, LLC* |
| 4 | |
| 5 | MOTSCHENBACHER & BLATTNER, LLP |
| 6 | By: /s/ Nicholas J. Henderson (OR#074027)<br>Nicholas J. Henderson |
| 7 | *Attorneys for the Buyer and Lease Assignee* |
| 8 | BRYAN CAVE LLP |
| 9 | By: /s/ Amanda L. Cartwright (AZ#030488)<br>Amanda L. Cartwright |
| 10 | *Attorneys for the Trustee* |