1 | Robert J. Miller, Esq. (#013334)
2 | Bryce A. Suzuki, Esq. (#022721)
    Justin A. Sabin, Esq. (#026359)
3 | **BRYAN CAVE LLP**
    Two N. Central Avenue, Suite 2200
4 | Phoenix, AZ 85004-4406
    Telephone: (602) 364-7000
5 | Facsimile: (602) 364-7070
    Email:   rjmiller@bryancave.com
6 |          bryce.suzuki@bryancave.com
7 |          justin.sabin@bryancave.com

Michael W. Carmel (#007356)
**MICHAEL W. CARMEL LTD.**
80 E. Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4965
Facsimile: (602) 277-0144
Email:   michael@mcarmellaw.com

Special Counsel for Chapter 11 Trustee

8 | Counsel for Chapter 11 Trustee

9 | **IN THE UNITED STATES BANKRUPTCY COURT**

10 | **FOR THE DISTRICT OF ARIZONA**

11 | In re:

Chapter 11

12 | FRONTIER STAR, LLC,          ☐
    FRONTIER STAR CJ, LLC,       ☐
13 | FRONTIER STAR 1, LLC,        ☐
    MIH ADMIN SERVICES, LLC,     ☐
14 |

Case No. 2:15-bk-09383-EPB

Jointly Administered with:
2:15-bk-09385-EPB
2:15-bk-14679-EPB
2:15-bk-14682-EPB

15 |              Debtors.

16 |

17 | This filing applies to:

18 | ■ All Debtors
    ☐ Specified Debtors
19 |

**CHAPTER 11 TRUSTEE'S:**

**(I) SECOND OMNIBUS OBJECTION TO
CERTAIN ADMINISTRATIVE
EXPENSE CLAIMS; AND**

**(II) MOTION TO ALLOW AND PAY
CERTAIN ADMINISTRATIVE
EXPENSE CLAIMS**

**Hearing Date: December 8, 2016
Hearing Time: 1:30 p.m.**

24 | PARTIES RECEIVING THIS *CHAPTER 11 TRUSTEE'S: (I) SECOND OMNIBUS
25 | OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS; AND (II)
    MOTION TO ALLOW AND PAY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS*
26 | SHOULD LOCATE THEIR NAMES AND CLAIMS IN THE ATTACHED EXHIBITS.

27 |

28 |

*(Left margin, vertical text)* BRYAN CAVE LLP · Two North Central Avenue, Suite 2200 · Phoenix, Arizona 85004-4406 · (602) 364-7000

807607.2\0392946

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

Pursuant to 11 U.S.C. §§ 105(a) and 502 and Federal Rule of Bankruptcy Procedure 3007, P. Gregg Curry, the chapter 11 trustee (the "Trustee"), hereby requests that the Court enter an order: (i) sustaining the objections to the administrative expense claims listed on Exhibit A (each a "Disputed Claim"), allowing such Disputed Claims in the modified amounts set forth on Exhibit A and disallowing any amounts claimed in excess thereof, or disallowing such Disputed Claims in their entirety, as applicable, and authorizing the payment of such Disputed Claims in the allowed amounts; (ii) authorizing the payment of the administrative expense claims listed on Exhibit B (each an "Agreed Claim"), which Agreed Claims the Trustee has analyzed and determined should be allowed in the amounts set forth on Exhibit B either in the amount as asserted or as otherwise agreed between the creditor and the Trustee; and (iii) waiving any restriction under Federal Rule of Bankruptcy Procedure 3007 on the Trustee's ability to seek the relief requested herein in an omnibus filing.[1] **Payment of any administrative expense claim approved by the Court pursuant hereto shall be in full and final satisfaction of such administrative expense claim. For the avoidance of doubt, this filing does not address or affect any asserted claim of any other type that may be included in any proof of claim evidencing any administrative expense claim addressed herein.**

The debtors sold substantially all of their assets in March 2016. Since then, the Trustee has been working through a process of analyzing and paying secured and administrative expense claims from the proceeds of the sale. The Trustee has now analyzed substantially all[2] of the administrative expense claims asserted in these bankruptcy cases. Through this filing, the Trustee intends to resolve his objections to the administrative expense claims addressed herein and otherwise obtain authority to pay such claims in the amounts allowed by the Court.

In support of the relief requested herein, the Trustee submits as follows:

---

[1] To the extent any party's response to the relief requested herein creates a potential conflict of interest for Bryan Cave LLP, the Trustee's special counsel, Michael W. Carmel Ltd., will represent the Trustee with respect to such responding party.

[2] To the extent any administrative claims asserted in these cases are not addressed herein or in the Trustee's prior filings or in orders of the Court, such claims will be addressed in separate filings. The Trustee reserves all rights and objections with respect to such claims.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

# I.    JURISDICTION AND VENUE.

1.    The Court has jurisdiction to consider this relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 502(a) and (b) and Federal Rule of Bankruptcy Procedure 3007.

# II.    BACKGROUND.

4.    On July 27, 2015, debtors Frontier Star, LLC and Frontier Star CJ, LLC each filed a voluntary chapter 11 petition. On November 17, 2015, debtors Frontier Star 1, LLC and MIH Admin Services, LLC each filed a voluntary chapter 11 petition. The debtors are referred to collectively herein as the "Debtors."

5.    The Debtors' chapter 11 bankruptcy cases are jointly administered under lead case No. 2:15-bk-09383-EPB.

6.    On November 18, 2015, the United States Trustee appointed the Trustee. On November 19, 2015, the Court approved the Trustee's appointment.

7.    Prior to and during these bankruptcy proceedings, the Debtors operated more than 160 Carl's Jr. and Hardee's franchised restaurants across multiple states. The Debtors generally operated their franchised restaurants at leased premises pursuant to various leases.

8.    On March 31, 2016, the Court entered an order approving the sale (the "Sale") of substantially all of the Debtors' assets to Starcorp, LLC. [DE #888] As a result of the Sale, the Debtors no longer operate the franchised restaurants and all of the leases relating to the franchised restaurants have been rejected or assigned to Starcorp, LLC as part of the Sale.

9.    Pursuant to the claim bar date order entered on January 4, 2016 [DE #605] and various lease rejection orders entered in these cases, the Court has approved bar dates for creditors to file proofs of claim asserting administrative expense claims against the Debtors' estates. The applicable administrative expense bar dates have now passed.

10.    The Trustee has evaluated each of the administrative expense claims addressed herein and, based on his review and business judgment, seeks the relief requested herein.

## III. LEGAL ANALYSIS.

A filed claim is deemed allowed unless a party in interests objects. 11 U.S.C. § 502(a). A proof of claim constitutes *prima facie* evidence of the validity and amount of the claim, but a claim objection need only offer "sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.'" *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Upon such a showing, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* The claimant always carries the ultimate burden of persuasion. *Id.*

### A. Objections to Disputed Claims.

The Trustee asserts one or more of the following objections to each of the Disputed Claims as more particularly set forth on <u>Exhibit A</u>. The objections asserted herein overcome the *prima facie* evidence of the validity and amount of the Disputed Claims, and such Disputed Claims should be disallowed to the extent requested herein. ***Claimants should locate their names and claims on <u>Exhibit A</u> and review the bases for such objections set forth thereon***.

### 1. Books and Records Objections.

Based upon his review of the Debtors' books and records, the Trustee has determined that certain of the Disputed Claims are inconsistent with such books and records and other information available to the Trustee (each a "<u>Books and Records Objection</u>"). After diligent investigation, the Trustee has been unable to reconcile such inconsistencies. Accordingly, the Trustee asserts a Books and Records Objection to the relevant Disputed Claims listed on <u>Exhibit A</u> and, based thereon, requests that the Court disallow each such Disputed Claim to the extent set forth on <u>Exhibit A</u>.

### 2. Unsupported Claim Objections.

Based upon his review of the Disputed Claims, the Trustee has determined that certain Disputed Claims include no supporting documentation or other information to establish all or a portion of the amounts asserted in such Disputed Claims or the obligation of one or more Debtors with respect to such Disputed Claims (each an "<u>Unsupported Claim Objection</u>"). Absent such supporting documentation or information, the Trustee has no ability to assess whether such

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1    claims may be owing by any of the Debtors and whether such claims are otherwise in appropriate

2    amounts. Accordingly, the Trustee asserts an Unsupported Claim Objection to the relevant

3    Disputed Claims listed on Exhibit A and, based thereon, requests that the Court disallow each

4    such Disputed Claim to the extent set forth on Exhibit A.

5               **3.      Non-Debtor Obligation Objections.**

6        Based upon his review of the Disputed Claims, the Trustee has determined that certain

7    Disputed Claims are based on contracts to which no Debtor is a party or is otherwise liable or

8    relate to services or goods provided with respect to franchised restaurants that no Debtor owned

9    or was otherwise liable (each a "Non-Debtor Obligation Objection"). Accordingly, no Debtor is

10   liable for the amounts asserted in such Disputed Claims. Accordingly, the Trustee asserts a Non-

11   Debtor Obligation Objection to the relevant Disputed Claims listed on Exhibit A and, based

12   thereon, requests that the Court disallow each such Disputed Claim in its entirety as set forth on

13   Exhibit A.

14       To the extent the applicable claimant establishes, or the Court finds, that one or more of

15   the Debtors is a party to the applicable contract or is otherwise obligated for any amounts

16   asserted with respect to a claim for which the Trustee has asserted a Non-Debtor Obligation

17   Objection, the Trustee reserves its right to raise any and all applicable objections he may have to

18   the amounts sought by the creditor under the contract, including, without limitation, any amounts

19   claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other

20   amounts.

21              **4.      Non-Administrative Period Objections.**

22       Based upon his review of the Disputed Claims, the Trustee has determined that certain of

23   the Disputed Claims seek to recover as an administrative expense claim amounts for claims that

24   arose prior to applicable petition date (each a "Non-Administrative Period Objection"). With

25   limited exceptions, administrative expenses claims may only be based on claims arising after the

26   petition date. 11 U.S.C. § 503. Accordingly, the Trustee asserts a Non-Administrative Period

27   Objection to the relevant Disputed Claims listed on Exhibit A for any amounts for claims that

28

807607.2\0392946
5

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

arose prior to the applicable petition date and, based thereon, requests that the Court disallow each such Disputed Claim to the extent set forth on <u>Exhibit A</u>.

**5.     Duplicative Claim Objections.**

Based on his review of the Disputed Claims, the Trustee has determined that certain of the Disputed Claims are identical to or otherwise duplicative of other administrative expense claims filed against one or more of the Debtors by the same claimant (each a "<u>Duplicative Claim Objection</u>"). There is no basis to allow claimants to obtain multiple recoveries for the same debt. Accordingly, the Trustee asserts a Duplicative Claim Objection to the relevant Disputed Claims listed on <u>Exhibit A</u> and, based thereon, requests that the Court disallow each such Disputed Claim in its entirety as set forth on <u>Exhibit A</u>.

**6.     Late-Filed Claim Objections.**

Based on his review of the Disputed Claims, the Trustee has determined that certain of the Disputed Claims were filed after the applicable deadline to file such claims established in orders entered by the Court (each a "<u>Late-Filed Claim Objection</u>"). Accordingly, the Trustee asserts a Late-Filed Claim Objection to the relevant Disputed Claims listed on <u>Exhibit A</u> and, based thereon, requests that the Court disallow each such Disputed Claim in its entirety as set forth on <u>Exhibit A</u>.

**7.     Not Necessary to Preserve Estates Objections.**

Based on his review of the Disputed Claims, the Trustee has determined that certain of the Disputed Claims assert administrative expense claims for goods or services that were not provided to the Debtors' estates or otherwise provided no benefit to the Debtors' estates and, therefore, were not necessary to the preservation of the Debtors' estates as required under section 503(b)(1)(A) of the Bankruptcy Code (each a "<u>Not Necessary to Preserve Estates Objection</u>"). Accordingly, the Trustee asserts a Not Necessary to Preserve Estates Objection to the relevant Disputed Claims listed on <u>Exhibit A</u> and, based thereon, requests that the Court disallow each such Disputed Claim as set forth on <u>Exhibit A</u>.

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

**B.      Allowance of Disputed Claims.**

Based upon his analysis of the Disputed Claims and the objections asserted herein, and further based upon his reasonable business judgment, the Trustee has determined that the Disputed Claims that are not otherwise identified as Disputed Claims that should be disallowed entirely should be allowed in the "Proposed Allowed Claim Amounts" set forth on Exhibit A.

**C.      Allowance of Agreed Claims.**

Based upon his analysis of the Agreed Claims, and further based upon his reasonable business judgment, the Trustee has determined that the Agreed Claims are consistent with the Debtors' books and records and other information available to the Trustee or otherwise are in acceptable amounts as determined after negotiations between the creditor and the Trustee. Accordingly, the Trustee has no objection to the *prima facie* validity or amount of the Agreed Claims, and the Agreed Claims as set forth on Exhibit B, and the Agreed Claims should therefore be allowed in the "Proposed Allowed Claim Amounts" set forth on Exhibit B.

**D.      Payment of Allowed Claims.**

Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The Debtors' assets were sold in March 2016 and the proceeds of the Sale are available to pay administrative expense claims. The Trustee is cognizant that claimants asserting the administrative claims that should be allowed as set forth herein have been waiting months for payment. The Trustee is now in position to pay these claims in the amounts requested herein, and payment of such amounts is consistent with the Trustee's duties and is in the best interests of the Debtors and their estates. Accordingly, the Trustee requests that the Court authorize him to pay the Disputed Claims and the Allowed Claims in the amounts requested by the Trustee herein.

**E.      Waiver of Restrictions Under Federal Rule 3007.**

Federal Rule of Bankruptcy Procedure 3007 authorizes a bankruptcy court to deviate from the general restrictions imposed therein on omnibus claims objections. Fed. R. Bankr. P. 3007(c), (d). The limitations set forth in Rule 3007 are generally designed to ensure claimants

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1   receive appropriate due process and are not burdened with wading through lists of hundreds or

2   thousands of creditors to locate any potential objection their respective claims. *See* COLLIER ON

3   BANKRUPTCY, ¶ 3007.04.

4   Those concerns are not present here, and in any event are outweighed by the

5   circumstances of these cases. Here, this filing addresses claims filed by only 14 claimants total

6   and each claimant's name is boldly and conspicuously listed in alphabetical order on the attached

7   exhibits. Further, the Trustee will be providing notice to each claimant that specifically identifies

8   such claimant's claims addressed in this filing and the Trustee's objections thereto. Accordingly,

9   there simply is no concern that any affected claimant will be unable to easily locate its name and

10  any corresponding objections to its claims in this filing or otherwise suffer any lack of due

11  process.

12  Furthermore, the estates resources are limited, and requiring the Trustee to prepare and

13  file separate objections and motions authorizing payment of allowed claims for each of the

14  claims addressed in this filing would be cumbersome, inefficient, and expensive. The Trustee

15  submits that the estates' limited resources would be better used to pay allowed claims in these

16  cases than spent on fees and costs to resolve the affected claims through a less efficient process.

17  Accordingly, the Trustee requests that the Court waive any limitation set forth in Rule 3007 that

18  would limit his ability to obtain the relief he requests in the manner requested herein.

19  **IV.    RESERVATION OF RIGHTS.**

20  The Trustee reserves all rights with respect to any and all claims not specifically

21  addressed herein, and nothing herein shall be deemed a waiver of any objection or other right

22  with respect to such claims. Furthermore, and for the avoidance of doubt, this filing does not

23  address or resolve, and the Trustee does not waive, any claim or cause of action that the Trustee

24  or the Debtors' estates may hold with respect to any party (including any party holding an

25  administrative expense claim addressed herein), and the Trustee hereby reserves all of its rights

26  with respect to such claims and causes of action.

27  WHEREFORE, the Trustee respectfully requests that the Court enter an order:

28  A.    sustaining the Trustee's objections to each Disputed Claim;

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1     B.     allowing each Disputed Claim in the applicable "Proposed Allowed Claim

2 Amount" listed on <u>Exhibit A</u> and disallowing each Disputed Claim asserted in excess thereof, or

3 disallowing each Disputed Claim in its entirety as set forth on <u>Exhibit A</u>, and allowing payment

4 of each Disputed Claim in the applicable allowed amount in full satisfaction thereof;

5     C.     allowing each Agreed Claim in the applicable "Proposed Allowed Claim

6 Amount" listed on <u>Exhibit B</u> and allowing payment of each Agreed Claim in the applicable

7 allowed amount in full satisfaction thereof;

8     D.     waiving any limitation set forth in Federal Rule of Bankruptcy Procedure 3007

9 that would limit the Trustee's ability to obtain the requested relief in the manner requested

10 herein; and

11     E.     granting to the Trustee such other and further relief as may be necessary or

12 appropriate under the circumstances.

13     RESPECTFULLY SUBMITTED this 7th day of November, 2016.

14     **BRYAN CAVE LLP**

15

16     By  /s/ JAS, #026359

17          Robert J. Miller
           Bryce A. Suzuki

18          Justin A. Sabin
           Two North Central Avenue, Suite 2200

19          Phoenix, Arizona 85004-4406
           Counsel for the Chapter 11 Trustee

20

21          -and-

22     **MICHAEL W. CARMEL LTD.**
           Michael W. Carmel

23          80 E. Columbus Ave.
           Phoenix, Arizona 85012

24          Special Counsel for the Chapter 11 Trustee

25

26

27

28

807607.2\0392946         9
Case 2:15-bk-09383-EPB   Doc 1157   Filed 11/07/16   Entered 11/07/16 16:29:40   Desc
Main Document   Page 9 of 24

# EXHIBIT A

## DISPUTED CLAIMS

EACH OBJECTION SET FORTH ON THIS <u>EXHIBIT A</u> CONTAINS A REFERENCE TO AN OBJECTION TYPE AND TO A SECTION NUMBER, WHICH CORRESPOND TO THE OBJECTION TYPES AND SECTION NUMBERS SET FORTH IN THE *CHAPTER 11 TRUSTEE'S: (I) SECOND OMNIBUS OBJECTION TO CERTAIN ADMINISTRATIVE EXPENSE CLAIMS; AND (II) MOTION TO ALLOW AND PAY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS* TO WHICH THIS <u>EXHIBIT A</u> IS ATTACHED.

| CREDITOR NAME | | | |
|---|---|---|---|
| **4M PROPERTIES L.P.** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 42-2 | 15-bk-09385 (Frontier Star CJ, LLC) | N/A | $61,967.84 |
| **Objections to Claim** | | | **Disputed Amounts** |

**Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)**

$61,967.84

The claim is based on two separate leases between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the leases upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the leases on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant leases or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety.

**NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to either of the leases or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the leases, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts.

| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |
|---|---|

807607.2\0392946

A - 2

| CREDITOR NAME | | | |
|---|---|---|---|
| **CALABRIA COMPANY, LLC** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 50-1 | 15-bk-09385 (Frontier Star CJ, LLC) | N/A | $133,362.00 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)**<br><br>The claim is based on a lease between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the lease upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the lease on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant lease or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety.<br><br>**NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to the lease or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the lease, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts. | | | $133,362.00 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00 (disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| **CITY OF EDDYVILLE KENTUCKY; EDDYVILLE WATER** | | | |

| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
|---|---|---|---|
| 63-1 | 15-bk-09383 (Frontier Star, LLC) | July 27, 2015 | $2,166.61 |

| Objections to Claim | Disputed Amounts |
|---|---|
| **Specific Objections: Books and Records Objection (Section III.A.1); Non-Debtor Obligation Objection (Section III.A.3.); Not Necessary to Preserve Estates Objection (Section III.A.7.)** | $2,166.61 |
| The claim is filed as a Governmental Claim for $2,166.61 for "utility services for water and sewer, garbage services" for a property located in Eddyville, Kentucky. As an initial matter, the Governmental Claim does not indicate whether the claim asserted therein is an administrative expense claim at all. Out of an abundance of caution, however, the Trustee addresses the claim as follows. | |
| The claim is for services provided to a franchised restaurant at one time operated by one or more of the Debtors located at 30 Outlet Avenue, Eddyville, KY. The lease for the franchised restaurant was rejected effective as of August 27, 2015. [DE #652] The invoices attached to the claim appear to indicate that the services were provided to the franchised restaurant for the period between October 13, 2015 to November 17, 2015. Any services provided to the store after the lease rejection date did not provide any benefit to the estates or otherwise operate to preserve the estates as required for the existence of an administrative expense claim under section 503 of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(1)(A). Accordingly, the Trustee objects on that basis and asserts a Non-Debtor Obligation Objection and a Not Necessary to Preserve Estates Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety. | |
| To the extent the claim is not disallowed in its entirety pursuant to the objection above, the Debtors' books and records show that the sum of $302.50 has been paid in the ordinary course on this claim. Accordingly, the Trustee asserts a Books and Records objection with respect to such amount. Based on this objection, the asserted administrative expense claim should be reduced by $302.50 and disallowed in such amount. | |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |

| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
|---|---|---|---|
| 13-1 | 15-bk-14679 (Frontier Star 1, LLC) | November 17, 2015 | $2,166.61 |

| Objections to Claim | |
|---|---|
| **Specific Objections: Duplicative Claim Objection (Section III.A.5.)** | $2,166.61 |
| This claim does not appear to be filed as an administrative expense claim, but it is duplicative of, and seeks payments of amounts set forth in, creditor's Claim No. 63-1 above. Accordingly, to the extent this claim asserts an administrative expense claim, the Trustee asserts a Duplicative Claim Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety. To the extent applicable, the Trustee asserts the same objections to this administrative expense claim as the Trustee asserts to Claim No. 63-1 above. | |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|

**CONSTELLATION NEWENERGY, INC.**

| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
|---|---|---|---|
| 51-1 | 15-bk-14682 (MIH Admin Services, LLC) | November 17, 2015 | $59,930.79 |

| Objections to Claim | Disputed Amounts |
|---|---|
| **Specific Objections: Not Necessary to Preserve Estates Objection (Section III.A.7.)** | $59,930.79 |

The claim asserts a total of $59,930.79 for electricity services provided for various KFC stores that were not owned or operated by any of the Debtors during the chapter 11 bankruptcy cases or during the 20-day period prior to the filing of debtor MIH Admin Services, LLC's chapter 11 petition that this claim encompasses. Any services provided to the KFC stores did not provide any benefit to the estates or otherwise operate to preserve the estates as required for the existence of an administrative expense claim under section 503 of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(1)(A). Accordingly, the Trustee objects on that basis and asserts a Not Necessary to Preserve Estates Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety.

To the extent the claim is not disallowed in its entirety for the reason set forth above, the Trustee asserts the following additional objections:

**Specific Objections: Not Necessary to Preserve Estates Objection (Section III.A.7.); Section 503(b)(9) objection asserted below**

The claim includes $10,810.49 in electricity charges for the 20-day period prior to the date of the filing of debtor MIH Admin Services, LLC's chapter 11 petition that the creditor claims are recoverable under 11 U.S.C. § 503(b)(9), $38,506.43 in early termination fees, and $247.19 in finance charges. With respect to the claim under section 503(b)(9), a creditor may assert an administrative expense claim for the value of "goods" provided during the 20-day period preceding a bankruptcy filing. Here, the creditor claims to have provided electricity services during this period, which services do not constitute "goods" under section 503(b)(9). *In re NE Opco, Inc.*, 501 B.R. 233, 256 (Bankr. D. Del. 2013) ("Electricity is not a good under section 503(b)(9) of the Bankruptcy Code."). Accordingly, the Trustee objects on the basis that the claim includes services charges for the 20-day period prior to the applicable petition date that are not recoverable as an administrative expense claim under section 503(b)(9). The Trustee further objects to the early termination fees and finance charges on the basis that such charges did not provide any benefit to the estates or otherwise operate to preserve the estates as required for the existence of an administrative expense claim under section 503 of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(1)(A). Accordingly, the Trustee asserts a Not Necessary to Preserve Estates Objection to each of these amounts. Based on these objections, the asserted administrative expense claim should be reduced by $49,564.11 (the sum of these charges) and disallowed in such amount.

| | PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts) | | $0.00 (disallow in full) |
|---|---|---|---|

| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
|---|---|---|---|
| 50-1 | 15-bk-14682 (MIH Admin Services, LLC) | November 17, 2015 | $10,810.49 |

| Objections to Claim | |
|---|---|

| **Specific Objections: Duplicative Claim Objection (Section III.A.5.)** | $10,810.49 |
|---|---|

The claim appears to be filed as a general unsecured claim but includes $10,810.49 in electricity charges for the 20-day period prior to the date of the filing of debtor MIH Admin Services, LLC's chapter 11 petition that the creditor claims are recoverable under 11 U.S.C. § 503(b)(9), which amounts are duplicative of amounts set forth in creditor's Claim No. 51-1 above. Accordingly, the Trustee asserts a Duplicative Claim Objection. Based on this objection, to the extent the claim asserts an administrative expense claim for the $10,810.49 in electricity charges, it should be disallowed in its entirety with respect to such claim. To the extent applicable, the Trustee asserts the same objections to this administrative expense claim as the Trustee asserts to Claim

| | |
|---|---|
| No. 51-1 above. | |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00**<br>**(disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| CUMMING D. CARL'S, LLC | | | |
| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
| 48-1 | 15-bk-09385 (Frontier Star CJ, LLC) | N/A | $49,517.17 |
| Objections to Claim | | | Disputed Amounts |

**Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)**

The claim is based on a lease between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the lease upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the lease on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant lease or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety.

**NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to the lease or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the lease, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts.

Disputed Amount: $49,517.17

| | |
|---|---|
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| **ECOLAB INC. PEST ELIMINATION DIVISION** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 61-1 | 15-bk-09385 (Frontier Star CJ, LLC) | July 27, 2015 | $36,522.71 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1)**<br><br>The claim includes charges of $36,522.71 for services provided to one or more of the Debtors from the July 27, 2015 petition date through February 8, 2016. According to the Debtors' books and records, the creditor was paid amounts totaling $71,308 for the period between November 18, 2015 through February 11, 2015. Based on these payments, the creditor has been paid in full for the services provided as set forth in this claim. Accordingly, the Trustee asserts a Books and Records Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety. | | | $36,522.71 |
| | | **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 119-1 | 15-bk-09383 (Frontier Star, LLC) | July 27, 2015 | $28,630.50 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1)**<br><br>The claim includes charges of $28,630.50 for services provided to one or more of the Debtors from the July 27, 2015 petition date through February 8, 2016. According to the Debtors' books and records, the creditor was paid amounts totaling $71,308 for the period between November 18, 2015 through February 11, 2015. Based on these payments, the creditor has been paid in full for the services provided as set forth in this claim. Accordingly, the Trustee asserts a Books and Records Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety. | | | $28,630.50 |
| | | **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$0.00 (disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| **GCS SERVICE, INC.; ECOLAB EQUIPMENT CARE** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 120-1 | 15-bk-09383 (Frontier Star, LLC) | July 27, 2015 | $16,846.02 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.); Not Necessary to Preserve Estates Objection (Section III.A.7.)** <br><br> The claim includes $13,765.65 for post-petition goods and services the creditor provided to franchised restaurants not owned by any of the Debtors. According to the Post-Petition Statement of Account attached to the claim, the creditor seeks to recover this amount for goods and services provided at locations identified as KFC and KFC/A&W stores, none of which were owned by any of the Debtors. The only stores owned by any of the Debtors are those identified as Carl's Jr. or Hardee's locations. None of the Debtors has any obligation to pay for goods or services provided at non-debtor locations, nor did any such services provide any benefit to the estates or otherwise operate to preserve the estates as required for the existence of an administrative expense claim under section 503 of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(1)(A). Accordingly, the Trustee asserts a Non-Debtor Obligation Objection and a Not Necessary to Preserve Estates Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising in connection with these goods and services provided to non-debtor entities, and the claim provides no information or documentation establishing that any Debtor is obligated for these goods and services. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be reduced by $13,765.65 disallowed in such amount. | | | $13,765.65 |
| | | **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | **$3,080.37** |

| CREDITOR NAME | | | |
|---|---|---|---|
| **HARRIS AND SONS PLUMBING INC** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 88-1 | 15-bk-14682 (MIH Admin Services, LLC) | November 17, 2015 | $14,623.00 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Late-Filed Claim Objection (Section III.A.6.)**<br><br>The claim was filed on March 29, 2016. Per the Court's order establishing bar dates for the filing of various claims, the creditor's administrative expense claim was required to be filed by no later than February 12, 2016. [DE #605] Further, none of the services asserted in the claim were performed after the claim bar date. Accordingly, the Trustee asserts a Late-Filed Claim Objection. Based on this objection, the asserted administrative expense claim should be disallowed entirely.<br><br>To the extent the Late-Filed Claim Objection should be overruled for any reason, the Trustee also asserts the following objection:<br><br>**Specific Objections: Non-Administrative Period Objection (Section III.A.4.)**<br><br>The claim is for services, all of which were performed prior to the Debtor's petition date of November 17, 2015. Accordingly, the Trustee asserts a Non-Administrative Period Objection. Based on this objection, the asserted administrative expense claim should be disallowed entirely.<br><br>The Trustee has no objection to the claim being reclassified as a general unsecured claim, and the Trustee reserves all of its rights and objections with respect to such general unsecured claim. | | | $14,623.00 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00 (disallow in full)** |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 86-1 | 15-bk-14682 (MIH Admin Services, LLC) | November 17, 2015 | $14,623.00 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Duplicative Claim Objection (Section III.A.5.)**<br>The claim is duplicative of, and seeks payments of amounts set forth in, creditor's Claim No. 88-1 above. Accordingly, the Trustee asserts a Duplicative Claim Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety. To the extent applicable, the Trustee asserts the same objections to this administrative expense claim as the Trustee asserts to Claim No. 88-1 above.<br><br>The Trustee has no objection to the claim being reclassified as a general unsecured claim, and the Trustee reserves all of its rights and objections with respect to such general unsecured claim. | | | $14,623.00 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00 (disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| PAR TECHNOLOGY CORPORATION | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 73-1 | 15-bk-09385 (Frontier Star CJ, LLC) | July 27, 2015 | $32,195.39 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Duplicative Claim Objection (Section III.A.5)**<br><br>The claim is duplicative of, and seeks payments of amounts set forth in, creditor's Claim No. 152-1 filed in 15-bk-09383 referenced on Exhibit B below. Accordingly, the Trustee asserts a Duplicative Claim Objection. Based on this objection, the asserted administrative expense claim should be disallowed in its entirety. | | | $32,195.39 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00**<br>**(disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| STAR NORTH ENTERPRISE, LLC | | | |
| Claim No. | Case No. | Applicable Petition Date | Claim Amount |
| 98-1 | 15-bk-09383 (Frontier Star, LLC) | N/A | $69,934.50 |
| Objections to Claim | | | Disputed Amounts |
| **Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)** <br><br> The claim is based on a lease between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the lease upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the lease on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant lease or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety. <br><br> **NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to the lease or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the lease, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts. | | | $69,934.50 |
| | **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | **$0.00** <br> **(disallow in full)** |

| CREDITOR NAME | | | |
|---|---|---|---|
| **STRATA EQUITY CORPORATION** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 43-2 | 15-bk-09385 (Frontier Star CJ, LLC) | N/A | $40,714.10 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)**<br><br>The claim is based on a lease between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the lease upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the lease on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant lease or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety.<br><br>**NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to the lease or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the lease, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts. | | | $40,714.10 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00 (disallow in full)** |

807607.2\0392946

A - 13

| CREDITOR NAME | | | |
|---|---|---|---|
| **VANNA P. REGNER TRUST     VANNA P. REGNER, TRUSTEE** | | | |
| **Claim No.** | **Case No.** | **Applicable Petition Date** | **Claim Amount** |
| 67-1 | 15-bk-09385 (Frontier Star CJ, LLC) | N/A | $117,788.48 |
| **Objections to Claim** | | | **Disputed Amounts** |
| **Specific Objections: Books and Records Objection (Section III.A.1); Unsupported Claim Objection (Section III.A.2.); Non-Debtor Obligation Objection (Section III.A.3.)**<br><br>The claim is based on a lease between the creditor, as landlord, and MJKL Enterprises, LLC, as tenant. None of the Debtors is a party to the lease upon which this claim is based. Accordingly, the Trustee asserts a Non-Debtor Obligation Objection. Furthermore, the Debtors' business records do not support any claim against any of the Debtors for any obligations arising under the lease on which this claim is based, and the claim provides no information or documentation establishing that any Debtor is a party to the relevant lease or is otherwise obligated for any amounts owing thereunder. Accordingly, the Trustee asserts a Books and Records Objection and an Unsupported Claim Objection. Based on these objections, the asserted administrative expense claim should be disallowed in its entirety.<br><br>**NOTICE IS HEREBY GIVEN** that, to the extent the creditor should establish or should the Court find that one or more of the Debtors is a party to the lease or is otherwise obligated for any amounts thereunder, the Trustee reserves its right to raise any and all applicable objections he may have to the amounts sought by the creditor under the lease, including, without limitation, any amounts claimed for rent, taxes, fees and charges, attorneys' fees and costs, and any and all other amounts. | | | $117,788.48 |
| **PROPOSED ALLOWED CLAIM AMOUNT (Claim Amount – Disputed Amounts)** | | | **$0.00**<br>**(disallow in full)** |

807607.2\0392946

A - 14

## EXHIBIT B

## AGREED CLAIMS

| Creditor | Case No. | Claim No. | Claim Amount | PROPOSED ALLOWED CLAIM AMOUNT |
|---|---|---|---|---|
| **KAY CHEMICAL COMPANY** | 15-bk-09385 | 60-1 | $14,784.01 | $14,784.01 |
| **PAR TECHNOLOGY CORPORATION** | 15-bk-09383 | 152-1 | $32,195.39 | $32,195.39 |
| **RICHARDSON IMAGING SERVICES, INC. D/B/A BOTTOM SIGN** | 15-bk-14682 | 59-1 | $2,643.88 | $1,321.94[3] |

---

[3] After negotiations with the Trustee, Richardson Imaging Services, Inc. d/b/a Bottom Sign has agreed to reduce its claim to this amount.